El Pueblo de Puerto Rico, demandante y apelado, *v.* Faustino Pérez, acusado y apelante.

No. 2744.—*Visto:* Junio 15, 1926. *Resuelto:* Julio 31, 1926.

1. Incendio Malicioso (*Arson*)—Del "Indictment" o Acusación—Alegación de Malicia—Necesidad de que se Alegue la Existencia de Malicia.—Una acusación bajo el artículo 398 del Código Penal que no alega que existiera *malicia* en el acto imputado al acusado no imputa el delito de incendio definido en dicho artículo.

2. Incendio Malicioso—Del "Indictment" o Acusación—Su Suficiencia—En General.—En acusación bajo el artículo 398 del Código Penal, la alegación de que el acusado pegó fuego a la casa de otra persona es suficiente sin que haya que alegar que la incendió o quemó ya que aquella alegación imputa al acusado que él incendió o quemó la casa de otro.

Sentencia de *R. Díaz Cintrón, J.* (Ponce), condenando al acusado por delito de incendio malicioso, sin costas. *Revocada y devuelto el caso.*

*Felipe Colón Díaz* y *Leopoldo Tormes,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Al terminar el fiscal la presentación de su prueba en el juicio en la corte inferior solicitó de ella el acusado que ordenase al jurado un veredicto perentorio de absolución porque la prueba que había sido presentada no era suficiente para un veredicto de culpabilidad y porque la acusación no le imputa el delito de incendio por el que se le estaba juzgando. Negó la corte inferior esa petición y alega ahora el acusado como uno de los motivos para sostener su apelación contra la sentencia condenatoria dictada contra él que la corte inferior cometió error al declarar sin lugar la excepción perentoria que alegó contra la acusación.

La acusación dice que el acusado durante las horas de la noche del 8 de enero de 1925 voluntariamente y con intención de destruirla pegó fuego a una casa sita en una calle de la ciudad de Ponce, propiedad de otras personas, que estaba habitada por inquilinos; y alega el apelante que no le imputa el delito de incendio porque no alega malicia.

[1] El texto inglés del Código Penal en su artículo 398 dice lo siguiente: "Arson is the wilful and malicious burning of a building of another with intent to destroy it," cuya traducción en el texto español es "Constituye el delito de incendio malicioso el acto voluntario de pegar fuego a un edificio ajeno con intención de destruirlo." Tanto el texto inglés como el español requieren para que exista el delito de incendio que el acto de pegar fuego a un edificio ajeno sea voluntario y malicioso y no accidental porque no constituiría el delito grave de incendio sino un daño. Los términos "voluntaria y maliciosamente" denotan distintas ideas y los tribunales recalcan la necesidad de la existencia de malicia en adición a la de voluntariedad. 5 C. J. pág. 541. Para que exista el delito de incendio debe haber el fuego voluntario y malicioso de un edificio con intención de destruirlo. 3 Cal. Jurisp. 162. Por consiguiente, no alegando la acusación que existiera malicia en el acto imputado al acusado, no le imputó el delito de incendio definido en el artículo 398 del Código Penal.

[2] También alega el apelante que no basta alegar en la acusación que pegó fuego a la casa de otra persona sino que debió decir que la incendió o quemó por ser *burning* la palabra usada en el texto inglés. *To burn* significa incendiar y de esta palabra se dice en el diccionario enciclopédico de la lengua castellana de Zerolo lo siguiente: "Incendiar: Poner o pegar fuego a una cosa," por lo que la traducción de la palabra *burning* del texto inglés por pegar fuego en el texto español es correcta y por tanto al decir la acusación que el acusado pegó fuego a la casa de otro le imputó que incendió o quemó la casa de otro.

Por lo expuesto, por no alegar malicia la acusación, no se imputó al apelante un delito de incendio, *debe ser revocada la sentencia apelada y devolverse el caso para los ulteriores procedimientos que pudieren ser procedentes.*

El Juez Asociado Señor Hutchison, no intervino en la resolución de este caso.