EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ M. RODRÍGUEZ LÓPEZ, acusado y apelante.

*Número:* CR-67-252     *Resuelto:* 27 de noviembre de 1968

*E. Armstrong de Watlington, Enrique Miranda Merced* y *Julio García Antique,* abogados del apelante; *Rafael A. Rivera Cruz, Procurador General,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La acusación radicada en el presente caso imputa al apelante que "el día 7 de octubre de 1965, y en la municipalidad de Fajardo, que forma parte del Tribunal Superior de Puerto Rico, Sala de Humacao, ilegal, voluntaria, maliciosa y criminalmente, incendió de noche un edificio o casa habitada, en el que había personas al tiempo de cometerse dicho acto." (1)

---

(1) La prueba presentada por el fiscal para sostener esta acusación la resume así el Procurador General:

"Según la prueba que desfilara, José Manuel Rodríguez López, el 7

Sostiene el apelante que la transcrita acusación no imputa la comisión de un delito. Así es. Veamos porqué.

■ El Art. 398 del vigente Código Penal establece que "constituye incendio malicioso el acto voluntario de pegar fuego a un edificio ajeno con intención de destruirlo." Es pues ingrediente principal del delito que el fuego se prenda con intención de destruir el edificio. En *Pueblo* v. *Pérez,* 35 D.P.R. 1038 (1926) revocamos una sentencia por entender que la acusación de incendio malicioso no aducía hechos constitutivos de delito. En la misma no se alegaba malicia. Expresamos que "[t]anto el texto inglés como el español requieren para que exista el delito de incendio que el acto de pegar fuego a un edificio ajeno sea voluntario y malicioso y no accidental porque no constituiría el delito grave de incendio sino un daño. Los términos 'voluntaria y maliciosamente' denotan distintas ideas y los tribunales recalcan la necesidad de la existencia de malicia en adición a la de voluntariedad. 5 C.J. pág. 541. Para que exista el delito de incendio debe haber el fuego voluntario y malicioso de un edificio con intención de destruirlo. 3 Cal. Jur. 162. Por consiguiente, no alegando la acusación que existiera malicia en el acto imputado al acusado, no le imputó el delito de incendio definido en el artículo 398 del Código Penal."

En *Pueblo* v. *Castro,* 75 D.P.R. 672–676 (1953) nos expresamos así: "Existen casos que sostienen que una acusación de incendio malicioso debe alegar que éste se perpetró con la intención de destruir el edificio. 3 Burdick, *The Law of Crime,* págs. 7–8; 3 Cal. Jur. sec. 7, pág. 167; *People* v. *Mooney,* 59 Pac. 761 (Cal. 1889). Presumimos que aplicaríamos la misma doctrina en esta jurisdicción. Cf. *Pueblo* v. *Pérez,* 35 D.P.R. 1038 (1926). Pero la presente es una acusa-

de octubre de 1965, como a las 8:30 de la noche, motivado por una discusión que tuvo con Cándida Blasini, le pegó fuego a una caja de basura, tras regarla con un líquido, colocando dicha caja frente a la puerta de entrada de la casa de la Sra. Blasini. La puerta quedó chamuscada."

ción de asesinato en primer grado y no de incendio malicioso. Y no se nos ha citado caso alguno que resuelva que una acusación de asesinato en primer grado basada en la muerte de una persona al perpetrarse un incendio de morada debe alegar que éste fue cometido con la intención de destruir el edificio." En *Pueblo* v. *Palóu*, 80 D.P.R. 364 (1958) ratificamos este criterio haciendo claro que en una acusación por asesinato en primer grado que alegue que el asesinato se cometió "al perpetrarse o intentarse algún incendio de morada" no se requiere que se alegue en el lenguaje y con todos los pormenores contenidos en el delito definido por el Art. 398 del Código Penal. La razón es que el delito que se imputa no es el de incendio malicioso y sí el de asesinato. No imputándose el delito de incendio malicioso, no se requiere que se incluya en la acusación todos los elementos de este delito.

■ El Art. 398 es copia del correspondiente del Estado de California (²) y que allá tuvo vigencia hasta el año 1929. Estableciendo el artículo taxativamente que se castigará el acto de prender fuego a un edificio si se hace con la intención de destruirlo, se requiere por la jurisprudencia que la acusación debe contener esa alegación. En *People* v. *Mooney*, 59 Pac. 761 (1889) decidido ya para la fecha en que adoptamos nuestra disposición estatutaria se expresó la Corte Suprema de aquel estado en la siguiente forma:

". . . Como puede verse la 'intención de destruir' constituye un elemento importante del delito de incendio malicioso según definido en el Código. Las palabras citadas son parte de la definición del delito de incendio malicioso y no puede existir tal delito en la ausencia de una intención de destruir. Es por lo tanto necesario que este elemento esencial sea alegado en la acusación ya sea en el lenguaje del estatuto o de cualquier otra forma, cosa de que claramente se desprenda que el acusado tuvo tal propósito e intención específica, y que el edificio fue quemado por él para llevar a cabo tal propósito e intención. Las palabras

---

(²) Art. 447 Código Penal de California 1872.

grave, voluntaria, ilegal y maliciosamente fueron propiamente usadas en la acusación pero no eran suficientes. Tales palabras aportan solamente la intención criminal que es parte necesaria de todo delito grave pero no incluyen necesariamente el propósito específico de destruir el edificio el cual es un elemento del delito de incendio malicioso. Fúndese la acusación en un estatuto o en el derecho común, es una norma universal y sin excepción que todo intento, como todo lo demás que la ley ha constituido como elemento del delito, debe ser alegado; de lo contrario ningún caso prima facie quedará establecido. 1 Bish. Cr. Proc. § 523."

Ver además *O'Brien* v. *State*, 6 P.2d 421 (Ariz. 1931); *People* v. *Farber*, 77 P.2d 921 (Cal. App. 1938); Bolton, *Arson in California*, 22 So. Cal. L. Rev. 235 (1949); Bolton, *Arson in California*, Part II, 35 So. Cal. L. Rev. 375 (1962).

En California se legisló en el año 1929 en relación a este delito y en la nueva redacción no aparece el requisito de intención de destruir. Ver Art. 447A del Código Penal de California. Pero se apunta que aparentemente los tribunales de aquel estado continúan sosteniendo que es necesario que la acusación contenga esa alegación. 22 So. Cal. L. Rev., *ante*, a la pág. 231.(³)

■ Estamos conscientes de la norma prevaleciente al efecto de que al considerar si una acusación aduce hechos constitutivos de delito no debemos aplicar una regla de rigor

---

(³) En el Código Penal Modelo, Tentative Draft 1962 del American Law Institute, se requiere en el delito de incendio malicioso que el fuego se pegue con el propósito de destruir el edificio o estructura.
"Sección 220.1. Incendio Malicioso y otros Delitos.

(1) *Incendio Malicioso*. Una persona es culpable de incendio malicioso, un delito grave en segundo grado, si origina un incendio o causa una explosión con el propósito de:
    (a) destruir un edificio o una estructura ocupada por otro; o
    (b) destruir o damnificar una propiedad, ya sea suya o de otro, para cobrar el seguro por tal pérdida. Constituirá una defensa afirmativa contra el encauzamiento bajo este párrafo que la conducta del protagonista no puso en peligro de manera temeraria cualquier edificio o estructura ocupada por otro o situó a cualquier persona en peligro de muerte o daño corporal."

tal que exija que se alegue con perfección de artífice todos los elementos del delito. Siguiendo esta pauta no rechazaremos acusaciones por el mero hecho de que estén mal redactadas, si en ellas se alegan todos los ingredientes del delito. Pero como se dijo en *State* v. *Quantro*, 105 A.2d 913 (N.J. 1954) citando de *State* v. *Lombardo*, 90 A.2d 39, 41 (N.J. 1952):

"Aunque la actitud legislativa y judicial en relación a la redacción literal de las acusaciones ha sido una progresivamente liberal (ver R.S. 2:188-5, 6, 7, 9, N.J.S.A.; Rules 2:4–11, 13) y la desinclinación discrecional de no invalidar a menos que sea evidentemente defectuosa (*State* v. *Western T. Co.*, 13 N.J. Super., 172, 80 A.2d 342 [Cty. Ct. 1951]), sigue siendo básicamente imperativo que la acusación alegue todos y cada uno de los elementos esenciales del delito que se procura imputar. [citas]

La omisión de un elemento esencial no puede suplirse por implicación o inferencia." (Citas)

*No aduciendo hechos constitutivos de delito la acusación en el presente caso, se revocará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández no intervino.