CC-97-769                                                                                    1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| SAHAR FATACH<br><br>      Demandante-reccurido<br><br>      V.<br><br>SEGUROS TRIPLE S, INC.<br><br>      Demandado-peticionario | Certiorari<br><br>99TSPR41 |

Número del Caso: CC-97-769

Abogados de la Parte Peticionaria: Lic. Edgardo Rosario
Lic. Vivian Durieux
(Edgardo Rosario Law Offices)

Abogados de la Parte Recurrida: Lic. Emilio Cancio-Bello, Jr.

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior, Sala de San Juan

Juez del Tribunal de Primera Instancia: Hon. Zadette Bajandas Vélez

Tribunal de circuito de Apelaciones: San Juan

Juez Ponente: Hon. Giménez Muñoz

Panel integrado por:  Pres. Jueza Alfonso de Cumpiano y los Jueces
Giménez Muñoz y Miranda de Hostos

Fecha: 3/25/1999

Materia:

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sahar Fatach

    Demandante-Recurrido

    v.                              CC-97-769        Certiorari

Seguros Triple S, Inc.

    Demandado-Peticionaria

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 25 de marzo de 1999.

Nos corresponde determinar cual es el efecto que tiene una sentencia criminal por incendio en un caso civil, en el que la persona convicta reclama a su aseguradora el pago de la indemnización por las pérdidas derivadas del siniestro. Resolvemos que la sentencia criminal es un impedimento colateral por sentencia en el pleito civil, en cuanto al hecho de si la persona convicta provocó el incendio intencionalmente.

I

La Sra. Sahar Fatach, dueña de la tienda de ropa "Sahar Modas", obtuvo a su favor una póliza contra el riesgo de incendio en dicha tienda, de la demandada Seguros Triple S, Inc. ("Triple S").

La póliza se expidió originalmente por tres años. No obstante, Triple S notificó a Fatach que no renovaría dicha póliza luego de cumplirse el primer año. Días después de esa notificación, se desató un incendio en la tienda.

Después de una investigación criminal, el Ministerio Público presentó acusaciones por el delito de incendio agravado contra varias personas, entre las cuales se encontraba Fatach.[1] Luego de varios días de juicio por tribunal de derecho, el tribunal declaró culpables de incendio agravado a Fatach y a otros dos acusados. Cada uno fue sentenciado a 18 años de reclusión. Oportunamente, Fatach presentó apelación ante el Tribunal de Circuito de Apelaciones y éste confirmó la convicción. Inconforme, Fatach presentó ante nos recurso de *certiorari*, el cual fue denegado. Por consiguiente, la sentencia criminal en su contra advino final y firme.

Simultáneamente a los procesos criminales descritos, Fatach presentó una demanda sobre incumplimiento de contrato y daños y perjuicios contra Triple S, alegando que esta última no le había compensado las pérdidas derivadas del incendio. Le reclamó $280,000 en virtud de la póliza

---

[1] El delito de incendio y su modalidad agravada se encuentran tipificados en los Artículos 195 y 196 de nuestro Código Penal, 33 L.P.R.A. § 4331-4332 (1983). Este delito es uno de intención específica según expresamos previamente en Pueblo v. Rodríguez López, 96 D.P.R. 690 (1968); Pueblo v. Sánchez Vega, 97 D.P.R. 133 (1969), interpretando allí el delito de incendio malicioso del antiguo Código Penal de 1937.

expedida y una cantidad adicional en daños y perjuicios derivados del alegado incumplimiento.[2]

Por su parte, Triple S contestó la demanda, y presentó una solicitud de sentencia sumaria donde argumentó que su póliza no extendía cubierta por actuaciones criminales del asegurado, y que la convicción criminal de Fatach constituía un impedimento colateral por sentencia en el pleito civil. El Tribunal de Primera Instancia denegó dicha solicitud por entender que la sentencia criminal no constituía impedimento colateral por sentencia. El Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan, confirmó.

Inconforme, Triple S presentó ante nos recurso de *certiorari.* En esencia sostiene que la convicción criminal por incendio agravado debe tener el efecto de impedir que el acusado del siniestro reclame, a base de una póliza de seguro, los daños sufridos por la propiedad asegurada.

La adjudicación de esta controversia requiere que analicemos los conceptos pertinentes del contrato de seguro, la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia, y la relación entre pleitos civiles y criminales.

II

---

[2] Los hechos descritos en este caso dieron pie a varias demandas, reconvenciones, demandas contra tercero, etc. Las reclamaciones de esos pleitos se transigieron, excepto dos demandas y una reconvención. Las dos demandas y la reconvención están consolidadas en este pleito y son (a) la demanda de Fatach solicitando indemnización por las pérdidas derivadas del fuego y una reconvención de Triple S y (b) una demanda separada de Triple S contra otros co-causantes del incendio, incluyendo entre éstos a las otras dos personas convictas de incendio agravado junto con Fatach.

El contrato de seguro está reglamentado extensamente en el Código de Seguros de Puerto Rico, 26 L.P.R.A. § 101, *et seq.* (1997). Se define como "el contrato mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un *suceso incierto* previsto en el mismo." Artículo 1.020 del Código de Seguros, 26 L.P.R.A. § 102 (énfasis nuestro).

En lo referente a la controversia de autos, el Art. 11.020 de dicho Código prohibe específicamente que se asegure contra las consecuencias penales de un delito:

> "Sujeto a las disposiciones de este título, un contrato de seguro podrá hacerse con respecto a cualquier objeto y los riesgos en el mismo expresados, en cuanto a los cuales existe la posibilidad de damnificación o interés asegurable, excepto que:
>
> (1) *No se asegurará a ninguna persona contra las consecuencias penales de un delito...*".

Artículo 11.020 del Código de Seguros, 26 L.P.R.A. § 1102 (énfasis nuestro).

Nuestro Código de Seguros, tanto en la frase "suceso incierto" como en la prohibición del Artículo 11.020, encarna el principio fundamental de que las pólizas cubren sólo pérdidas fortuitas, y no las provocadas intencionalmente por el asegurado. Robert E. Keeton y Alan I. Widiss, Insurance Law, Practicioner´s Edition, página 497 (1988). Estas disposiciones del Código de Seguros pretenden evitar que una persona utilice el contrato de seguro para

lucrarse de su conducta intencional tipificada como delito. Morales Garay v. Roldán Coss, 110 D.P.R. 701 (1981).[3]

De igual manera, en los Estados Unidos se ha entendido que es contrario a la política pública asegurar contra obligaciones que tienen origen en actos intencionales del asegurado. 7 Couch on Insurance 3rd § 101:22 (1997); 18 Couch on Insurance 2nd § 74:663 (1983). Permitir que un asegurado consciente e intencionalmente controle los riesgos cubiertos por la póliza viola el concepto central de seguro. Rowland H. Long, 1 The Law of Liability Insurance, § 1.08(2), página 1-64.1 (1997).

Por otro lado, en España, la legislación pertinente articula iguales principios de moral y orden público. José María Elguero y Merino, La Estafa de Seguro, Madrid, 1988, pág. 123. El Artículo 19 de la Ley del Contrato de Seguro, Ley 50 del 8 de octubre de 1980 (R.C.L., 1980, 2295), según enmendada, dispone que una compañía aseguradora no tiene que pagar la indemnización acordada si el siniestro fue causado por la mala fe del asegurado. Su Artículo 48 proscribe expresamente la indemnización en casos de incendio provocado intencionalmente por el asegurado.

La industria del seguro descansa claramente en que los riesgos que asume en sus contratos no dependan de los actos intencionales del asegurado. Permitir que un asegurado

---

[3] En nuestro Código Penal están tipificadas dos formas de culpabilidad, la intención y la negligencia. Artículos 14-16 del Código Penal, 33 L.P.R.A. § 3061-3063. Véase Dora Nevares-Muñiz, Código Penal de Puerto Rico, Ed. 1997, págs. 23-28.

controle el riesgo de la póliza con sus actuaciones deliberadas, trastocaría los cimientos de la industria de seguros, y facilitaría un ataque frontal a principios básicos de política pública. 5 Appleman, Insurance Law and Practice § 3113 (1970).

Examinados los principios aplicables en materia de seguros, nos corresponde examinar la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia, y la relación entre casos criminales y civiles.

## III

La doctrina de cosa juzgada está tipificada en el Artículo 1204 de nuestro Código Civil, 31 L.P.R.A. § 3343 (1990). Para que opere la doctrina de cosa juzgada es necesario que "concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron." Id.

Nuestra jurisprudencia ha adoptado el impedimento colateral por sentencia como modalidad de la doctrina de cosa juzgada. Dicha modalidad es producto de la influencia del derecho anglosajón en nuestra jurisdicción. A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. 753, 762 (1981).

El impedimento colateral por sentencia opera "cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final...[y] tal determinación es concluyente en un segundo pleito entre *las mismas partes*, aunque estén envueltas causas de acción distintas." A & P Gen. Contractors, supra, pág. 762 (énfasis nuestro).

El requisito de que sean las mismas partes se conoce como *identidad de personas o mutualidad de partes*. Exige que los litigantes en el segundo pleito sean "causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas." Artículo 1204 del Código Civil, 31 L.P.R.A. § 3343.

El impedimento colateral por sentencia presenta dos modalidades, la ofensiva y la defensiva. En su modalidad ofensiva, un demandante le impide al demandado litigar otra vez los asuntos que previamente litigó y perdió frente a otra parte. La modalidad defensiva surge cuando un demandado impide a un demandante que litigue otra vez asuntos que previamente litigó y perdió frente a otra parte. A & P Gen. Contractors, supra, pág. 758. Ambas modalidades comparten el denominador común de que la parte afectada por la doctrina *litigó y perdió* el asunto en el pleito anterior.

El impedimento colateral por sentencia puede aplicarse entre pleitos criminales y civiles, siempre y cuando se cumpla con el requisito de identidad de partes. Pol Sella v. Lugo Christian, 107 D.P.R. 540 (1978); López Matos v. Estado Libre Asociado, Opinión del 12 de septiembre de 1994, 136 D.P.R.____ (1994). En dicha circunstancia, los hechos

esenciales para apoyar la convicción tienen efecto concluyente en el caso civil posterior.[4]

En aquellos casos en que no aplica el impedimento colateral por sentencia entre pleitos criminales y civiles, las determinaciones del pleito criminal no son concluyentes en el pleito civil. Sin embargo, eso no significa que lo ocurrido en la causa criminal no tiene efecto alguno en el pleito civil. Toro Lugo v. Ortiz Martínez, 105 D.P.R. 229, 236 (1976).

En esas circunstancias, en virtud de la Regla 65(v) de Evidencia, la sentencia criminal por delito grave es admisible en el pleito civil para probar cualquier hecho esencial que apoye la sentencia criminal. 32 L.P.R.A. Ap. IV R. 65 (1990); Maysonet v. Granda, Opinión del 23 de junio de 1993, 133 D.P.R.____ (1993). Es decir, el efecto sustantivo de la sentencia criminal en el caso civil será que ésta constituye evidencia *prima facie* de la ocurrencia de los hechos que apoyan la convicción. La parte afectada por dicha prueba tiene derecho a alegar su insuficiencia o a controvertirla con otra evidencia. Maysonet, supra, citando a Toro Lugo, supra.

---

[4] Cabe señalar que en nuestra jurisdicción ésto no suele ocurrir puesto que no existe frecuentemente identidad de partes entre el pleito criminal y el civil: el pleito criminal lo litiga el Estado frente a un acusado, mientras que el pleito civil lo litiga el acusado frente a un(os) tercero(s).

Tanto en Pol Sella, supra, como en López Matos, supra, aplicamos la doctrina de impedimento colateral por sentencia porque en ambos casos se cumplió el requisito de identidad de partes.

El fundamento principal para la admisibilidad y el efecto sustantivo de la sentencia criminal, es la diferencia entre el nivel de prueba requerido en una acción criminal *vis a vis* una civil. En la causa criminal se requiere que se establezca la culpabilidad de un acusado "más allá de duda razonable", mientras que en un caso civil la causa de acción se debe probar por "preponderancia de las pruebas a base de criterios de probabilidad". Regla 10(F) de Evidencia, 32 L.P.R.A. Ap. IV R. 10(F) (1990). El primero es un nivel de prueba mucho más riguroso y difícil de alcanzar que el segundo. Véase en general, Vda. De Morales v. De Jesús Toro, 107 D.P.R. 826, 829-30 (1978); Toro Lugo, supra, págs. 234-36.[5]

A diferencia de nuestro ordenamiento jurídico, que exige la identidad de partes para *toda* aplicación de la doctrina de impedimento colateral por sentencia, aún en casos en que se trata de un primer caso criminal y uno civil subsiguiente, tanto el derecho español como el norteamericano han adoptado posiciones distintas. Veamos.

En España, una sentencia penal condenatoria es cosa juzgada en un pleito civil posterior *en cuanto a los hechos probados en la causa criminal*. Víctor Prieto Cobos, Ejercicio de las Acciones Civiles, T. I, Vol. 2, Madrid, 1983, pág. 800; José M. Manresa y Navarro, Comentarios al

---

[5] Distinta es la situación si la causa criminal resulta en un fallo o veredicto de no culpable. En ese caso, la absolución no es admisible bajo la Regla 65(V) puesto que el mero hecho de que no se probó un hecho con un *quantum* de prueba más alto, no significa que ese mismo hecho no se pueda probar con un *quantum* menor.

<u>Código Civil Español</u>, Tomo 8, Vol. 2, 6ta Ed., Madrid, 1967, pág. 294; Arturo Majada, <u>Práctica Procesal Penal</u>, Cuarta Edición, 1980, pág. 357. El Tribunal Supremo de España expresó que "si bien es cierto la total independencia de las jurisdicciones penal y civil, la jurisprudencia tiene reiteradamente declarado que los hechos que como probados se consignen en las sentencias penales condenatorias, en cuanto son base y fundamento de la pena impuesta, tienen fuerza vinculante para los Tribunales civiles, que no pueden desconocer la realidad de los mismos..." S.T.S., 16 de abril de 1969 (R.J., Núm. 2080, pág. 1482).

Por otro lado, en los Estados Unidos muy pocas jurisdicciones exigen el requisito de identidad de partes al aplicar la doctrina de impedimento colateral por sentencia, especialmente cuando el primer pleito es criminal y el segundo es civil. 18 Wright, Miller & Cooper, <u>Federal Practice and Procedure</u> § 4464 (1981); Thomas D. Sawaya, <u>Use of Criminal Convictions in Subsequent Civil Proceedings: Statutory Collateral Estoppel Under Florida and Federal Law and the Intentional Exclusion Clause</u>, 40 University of Florida Law Review 479, 490 (1988).

La razón para no requerir identidad de partes en el contexto de pleitos criminales y civiles surge más por razones de política pública que por consideraciones de teoría jurídica. Esto es particularmente cierto cuando se trata de situaciones en que personas convictas de un delito buscan beneficiarse de sus crímenes. Un ejemplo de esto

último es el reclamar indemnización a una aseguradora luego de incendiar la propiedad asegurada. Sawaya, supra, págs. 490-91, escolio 60; 18 Wright, Miller & Cooper, supra, § 4474, págs. 753-754.

A la luz de lo anterior, es evidente que en la mayoría de las jurisdicciones de los Estados Unidos se permite la aplicación del impedimento colateral por sentencia entre pleitos criminales y civiles. Sawaya, supra, pág. 491, escolios 64 y 65. Por ende, en gran parte de las jurisdicciones norteamericanas, una convicción criminal constituye un impedimento en el pleito civil posterior en el que el convicto le reclame a su aseguradora. 7 Couch on Insurance 3rd, supra, § 103:35.

A modo ilustrativo, en Eagle Star and British Dominions Uns. Co. v. Heller, 140 S.E. 314 (1927), el Tribunal Supremo de Virginia determinó que la convicción por un incendio era impedimento colateral por sentencia en el caso civil donde el convicto intentó cobrar indemnización de la aseguradora por las pérdidas del incendio:

> "Permitir el cobro de indemnización en virtud de una póliza de seguro contra incendio por una persona que ha sido declarada culpable de incendiar la propiedad asegurada, sería ignorar el contrato, sería ilógico, desacreditaría la administración de la justicia, desafiaría la política pública y sacude la consciencia menos iluminada."

Eagle Star, supra, pág. 323. (traducción nuestra).

Esta doctrina ha sido reiterada en decisiones recientes de otros tribunales apelativos estatales. Aetna Life and Casualty Ins. Co. v. Johnson, 673 P.2d 1277 (Mont.1984);

Aetna Cas. And Sur. Co. v. Niziolek; 481 N.E.2d 1356 (Mass.1985); Lichon v. American Universal Ins. Co., 433 N.W.2d 394 (Mich.App.1988); Imperial Kosher Cater. V. Traveler's Indem., 252 N.W.2d 509 (Mich.App.1977); Hopps v. Utica Mut. Ins. Co., 506 A.2d 294 (N.H.1985).

De la exposición anterior se desprende que, tanto en la jurisdicción española como en la mayoría de las norteamericanas, las determinaciones esenciales para apoyar una sentencia criminal tienen un efecto concluyente en un pleito civil por los mismos hechos. En estas jurisdicciones no es requisito la identidad de partes al aplicar el impedimento colateral por sentencia entre pleitos criminales y civiles.

IV

Examinados los principios pertinentes del contrato de seguro, la doctrina de impedimento colateral por sentencia y la relación entre pleitos criminales y civiles en Puerto Rico, España y los Estados Unidos, nos corresponde aplicar esta normativa a los hechos ante nos.

Fatach fue convicta del delito de incendio agravado, delito en el cual la intención es un elemento esencial. Artículos 195 y 196 del Código Penal, 33 L.P.R.A. §§ 4331-4332. Dicha convicción advino final y firme. En la misma se determinó, más allá de duda razonable, que Fatach incendió su tienda. Luego de tal determinación, pretende reclamarle a su aseguradora las pérdidas del incendio.

A la luz de la normativa descrita anteriormente, su reclamación está prohibida taxativamente por el Artículo 11.020 del Código de Seguros. 26 L.P.R.A. § 1102. Además, el contrato entre las partes niega específicamente cubierta en caso que la reclamación se base en la conducta criminal del asegurado.[6] Ambas disposiciones promueven la política pública de evitar que las personas se lucren, mediante el contrato de seguro, de actividad delictiva como la del caso de autos.

En consideración a dicha política pública, procede que determinemos que la convicción de Fatach es un impedimento colateral por sentencia en este pleito civil en cuanto al hecho de si Fatach provocó el incendio. Dicho hecho, esencial tanto para el caso criminal como para la defensa de Triple S en este caso civil, fue probado más allá de duda razonable en el proceso criminal en el cual Fatach tuvo la oportunidad de defenderse. En otras palabras, dicho hecho esencial ya fue probado mediante un nivel de prueba más alto del requerido en este caso civil.

La política pública envuelta justifica que, en este tipo de caso, no sea necesaria la identidad de partes al aplicar la doctrina de impedimento colateral por sentencia. No podemos permitir que, en circunstancias como las de autos,

---

[6] La cláusula pertinente dispone:

"We will not pay for loss or damage caused by or resulting from any of the following:
.
(h) Dishonest or criminal act by you, any of your partners, employees, directors, trustees, authorized

el asegurado invoque la aplicación inflexible del requisito de identidad de partes para lograr un resultado contrario a la política pública. Nuestra decisión está en armonía con los intereses protegidos por nuestro Código de Seguros y la política pública que éste tipifica, además de encontrar apoyo en el derecho español y el norteamericano.

En consecuencia, resolvemos que una sentencia criminal por el delito de incendio, es un impedimento colateral por sentencia en un pleito civil donde la persona convicta le reclama a su aseguradora las pérdidas causadas por el incendio, en cuanto al hecho de si la persona provocó el incendio intencionalmente.

Por los fundamentos expuestos, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Primera Instancia para que se continúen los procedimientos de forma compatible con esta Opinión.

Se dictará la Sentencia correspondiente.


**FEDERICO HERNÁNDEZ DENTON**
**JUEZ ASOCIADO**

---

representatives or anyone to whom you entrust the property for any purpose." (énfasis nuestro).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Sahar Fatach

    Demandante-Recurrido

    v.                            CC-97-769       Certiorari

Seguros Triple S, Inc.

    Demandado-Peticionaria



SENTENCIA

San Juan, Puerto Rico, a 25 de marzo de 1999.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se revoca la sentencia dictada por el Tribunal de Circuito de Apelaciones, la cual no extendió efecto de impedimento colateral por sentencia en el recurso de epígrafe a la convicción por el delito de incendio, y se devuelve el caso al Tribunal de Primera Instancia para que se continúen los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Negrón García y Fuster Berlingeri emitieron sendas Opiniones Disidentes. El Juez Asociado señor Rebollo López inhibido.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sahar Fatach

    Demandante-recurrido

                            CC-97-769        Certiorari

       v.

Seguros Triple S, Inc.

    Demandada-peticionaria

Opinión Disidente del Juez Asociado señor Negrón García

San Juan, Puerto Rico, a 25 de marzo de 1999

Deferencialmente, no podemos estar conformes con descartar el requisito de identidad de partes a base de un enfoque de otras jurisdicciones que abiertamente la han abandonado. En nuestro entorno jurídico, se trata de un ingrediente indispensable de la doctrina de cosa juzgada.

En A. & P. General Contractors v. Asociación Caná, 110 D.P.R. 753 (1981) aclaramos que el impedimento colateral por sentencia es una modalidad de la cosa juzgada en la que no resulta necesaria la identidad de causas. Allí expresamos que el impedimento colateral "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se

dilucida y determina mediante una sentencia válida y final. Como resultado, tal determinación es concluyente en un segundo pleito entre **las mismas partes**, aunque estén envueltas causa de acción distintas" (pág. 762). Vemos pues, que la identidad de partes ha de estar presente para que pueda prevalecer el impedimento colateral por sentencia en un pleito.

**No existe en este caso identidad de partes**. La opinión mayoritaria pretende crear una excepción confiriéndole efecto concluyente, en cuanto a la intencionalidad de la conducta, a la determinación de culpabilidad por el delito de incendio en un proceso penal, para fines del reclamo que pueda hacer el convicto a su aseguradora por las perdidas ocasionadas en el siniestro. Fundamenta esta excepción en consideraciones de política pública; específicamente, "evitar que las personas se lucren, mediante el contrato de seguro, de actividad delictiva como la del caso de autos" (Opinión del Tribunal, pág. 12). Se intenta así limitar esta desviación de la norma a casos donde el demandante le reclama a una aseguradora por el resultado de actuaciones delictivas por las que ha sido declarado culpable. No coincidimos. No vemos fundamento para la excepción y, de acogerla, tampoco encontramos justificación alguna para limitar sus efectos de excepción a este tipo de casos. Por el contrario, por imperativo decisorio, tendría que extenderse a otros delitos revestidos de política pública como serían los delitos contra la vida e integridad humana, contra el erario público, contra la propiedad privada, contra la función judicial, etc.

II

La opinión mayoritaria invoca jurisdicciones norteamericanas que han permitido la aplicación del impedimento colateral por sentencia penal en pleitos civiles similares al de autos. No obstante, pasa por alto el hecho de que en la mayoría de estas jurisdicciones no se ha circunscrito dicha aplicación a ese tipo de casos. Por el contrario, se ha revocado expresa y totalmente la doctrina como requisito de la aplicación del impedimento colateral por sentencia de un pleito criminal a uno civil.[7]

---

[7] Así en <u>Hopps</u> v. <u>Utica Mut. Ins. Co.</u>, 506 A. 2d. 294 (N.H.1985), el Tribunal Supremo de New Hampshire resolvió llanamente que la determinación en un procedimiento criminal anterior constituye cosa juzgada para aquél que fue parte en esa acción criminal.

<u>Eagle</u> v. <u>Heller</u>, 140 S.E. 314 (1927), –Tribunal Supremo de Apelaciones de Virginia– expresó su incapacidad para entender por qué la convicción de un acusado que ha tenido "su día en corte" no ata al convicto a dicho resultado o por lo menos tiene algún efecto en su contra.

Esta es también la situación en España, donde se ha declarado reiteradamente que los hechos que dan base a una sentencia penal tienen fuerza vinculante para los tribunales civiles.[8]

Es de notar que algunas de estas jurisdicciones han recurrido a dar efecto concluyente a las sentencias penales **por ser inadmisibles en el pleito civil las determinaciones fácticas recaídas en el foro penal**.[9] Tal distinción es crucial en Puerto Rico pues, distinto a esas jurisdicciones, desde Toro Lugo v. Ortiz, 105 D.P.R. 229, (1976), en adelante, establecimos que "los hechos probados en una causa penal, aún cuando no son concluyentes al punto de excluir su relitigación en la acción civil de daños y perjuicios originada de aquéllos, constituyen evidencia prima facie de su existencia, admisible en el pleito civil". En virtud de esta norma vigente, la parte para quien resulte adversa la prueba podía alegar su insuficiencia o **controvertirla con otra prueba**. Los pronunciamientos de Toro Lugo, supra, subsanaron el contrasentido de que una sala de justicia ignorara por completo los procedimientos habidos en otra sala, relativos al mismo evento o hecho litigioso, sin que se infringiera la clásica independencia de la esferas penales y civiles. Sobre el peso del fallo condenatorio en el caso civil sentenciamos: "Al admitir evidencia del fallo recaído en el caso criminal se acelera la provisión de remedio, se amplía el conjunto de elementos factuales en que se ha de basar sus determinaciones el juez de lo civil..." (Pág.235). Estos pronunciamientos fueron posteriormente e incorporados en la Regla 65(v) de Evidencia que expresamente visualiza que la sentencia criminal por delito grave sea admisible en pleito civil para probar cualquier hecho esencial que sostenga la sentencia de convicción.

III

Concurrimos con el criterio del Juez Asociado, Sr. Fuster Berlingeri de que no corresponde a este foro alterar doctrinas de fuerte arraigo fundamentadas en derecho estatuido sin que existan circunstancias particulares que lo hagan necesario. Es la Asamblea Legislativa la llamada a eliminar, añadir o variar estas normas tan fundamentales para pilares de nuestro ordenamiento como lo son la separación de las esfera penal y la esfera civil.

ANTONIO S. NEGRON GARCIA
Juez Asociado

---

En Aetna v. Niziolek, 481 N.E. 2d. 1356 (Mass. 1985), el Tribunal Supremo de Massachusetts sentenció que una parte en una acción civil puede invocar impedimento colateral por sentencia penal contra un acusado para evitar que se relitigue aquello que fue determinado por una sala penal.

[8] Es de notar que la Sentencia del Tribunal Supremo español de 16 de abril de 1969 (R.J., Núm. 2080, pág. 1482) citada en la opinión mayoritaria trata sobre impugnación de filiación, tema al cual se le ha aplicado tradicionalmente la doctrina de cosa juzgada independientemente de la diversidad de foros.

[9] Por ejemplo, en Imperial v. Traveler´s Indem., 252 N.W. 2d. 509 (Mich.App.1977), y en Eagle v. Heller, supra, la sentencia condenatoria contra un acusado en un procedimiento penal no era admisible como evidencia en contra de éste en un pleito civil posterior.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sahar Fatach

    Demandante-Recurrido

       vs.                  CC-97-769       CERTIORARI

Seguros Triple S, Inc.

    Demandado-Peticionaria

Opinión Disidente emitida por el Juez Asociado señor Fuster Berlingeri.

San Juan, Puerto Rico, a 25 de marzo de 1999.

        Me veo obligado a disentir del dictamen mayoritario, porque entiendo que no le corresponde a este Foro alterar las normas aplicables al caso de autos. La mayoría establece hoy en su opinión una pauta que es distinta de lo que dispone de modo claro nuestro ordenamiento jurídico sobre el particular; y no lo hace sobre fundamentos constitucionales, por lo que el decreto mayoritario aludido, invade el ámbito de la autoridad legislativa. Veamos.

    Reiteradamente hemos resuelto que los hechos probados en una causa penal, cuando se trata de un delito grave, constituyen evidencia prima facie de su existencia, admisible en un pleito civil; y que la parte afectada por dicha prueba tiene derecho a

alegar su insuficiencia o a controvertirla con otra evidencia. En particular, hemos enfatizado que en la acción civil el juzgador no está irremisiblemente obligado a llegar a la misma conclusión obtenida en el juicio criminal. Maysonet v. Granda, Opinión del 23 de junio de 1993, 133 D.P.R. ___ (1993); Morales Garay v. Roldán Coss, 110 D.P.R. 701 (1981); Vda. de Morales v. De Jesús Toro, 107 D.P.R. 826 (1978); Toro Lugo v. Ortiz Martínez, 105 D.P.R. 229 (1976). Se trata de una normativa bien establecida en nuestro ordenamiento jurídico evidenciario. Véase, Chiesa, Práctica Procesal Puertorriqueña-Evidencia (1985), págs. 436-440, y Emmanuelli, Prontuario de Derecho Probatorio Puertorriqueño, (1994), págs. 449-453. Dicha normativa está anclada en lo dispuesto en la Regla 65(v) de Evidencia, y sus orígenes se remontan al 1913, cuando resolvimos que en nuestro estado de derecho, la acción penal y la civil proveniente de un delito son independientes. Guzmán v. Vidal, 19 D.P.R. 841 (1913).

Ahora, en el caso de autos, la mayoría decreta, por puro fíat, que la normativa referida es impertinente, que no aplica al caso ante nos, porque supuestamente existe un impedimento colateral por sentencia que precluye que en el caso civil aquí se dilucide un hecho que fue adjudicado en el caso penal. La mayoría admite que en nuestro ordenamiento jurídico civilista la figura del impedimento colateral por sentencia sólo puede invocarse cuando existe identidad de personas. No obstante, aunque dicho requisito no está presente en el caso de autos, la mayoría decreta que aún así dicha figura aplica en este caso. De ese modo, altera también el derecho vigente sobre el particular, que se origina en el Art. 1204 del Código Civil, 31 L.P.R.A. sec. 3343, y que está contenido en la reiterada doctrina sobre el particular y en varias decisiones nuestras.

Para justificar estas alteraciones sustanciales de las normas vigentes, la mayoría se ampara, por un lado, en una disposición del Código de Seguros. Pero resulta que dicha disposición no sólo no formula el principio concreto aludido por la mayoría en su opinión, sino

que, además, no es realmente pertinente a lo que aquí nos concierne, debido a que la disposición aludida no trata con principios de derecho probatorio ni con modalidades de la doctrina de cosa juzgada.

La mayoría también aduce que la nueva pauta que hoy aquí establece es cónsona con las posiciones sobre el particular adoptadas tanto en España como en Estados Unidos. Ello puede que sea así, pero tal dato no explica porqué le corresponde a este Foro revocar doctrinas y jurisprudencia bien establecidas, que además se fundamentan en parte en derecho estatuido, cuando no hay problemas constitucionales presentes, ni lagunas jurídicas o conflictos normativos que justifiquen nuestra intervención para formular el derecho positivo aplicable al caso.

Reconozco que pueden existir buenas razones en teoría jurídica para proponer cambios en el derecho vigente respecto al asunto que aquí nos concierne, como las intimadas en Toro Lugo v. Ortiz Martínez, supra, y en Poll Sella v. Lugo Christian, 107 D.P.R. 540 (1978). Pero ello dejaría aun por dilucidar si es a este Tribunal, en vez de a la Asamblea Legislativa de Puerto Rico, a quien le corresponde efectuar los sustanciales cambios en el derecho positivo que aquí nos conciernen.

En mi criterio, por tratarse de normas importantes que están bien establecidas en nuestro ordenamiento, y que derivan de fuentes estatutarias, no le corresponde a este Foro alterarlas por puro fíat. Como la mayoría sigue otro curso de acción, que no estimo autorizado, DISIENTO.


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO