Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| TAILI TEE THULA<br><br>Apelante<br><br><br>v.<br><br><br>ASDRÚBAL SIMÓN MATA CABELLO<br><br>Apelado | KLAN202400627 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm. SJ2024RF00308<br><br>Sobre:<br><br>Alimentos Excónyuges |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece Taili Tee Thula Tovar ("Apelante" o "Sra. Thula Tovar) mediante escrito de apelación y solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI", "foro recurrido" o "foro primario") el 30 de mayo de 2024[1]. Mediante dicha *Sentencia* el foro recurrido declaró *Con Lugar* la *Solicitud de Desestimación* presentada por Asdrúbal Simón Mata Cabello ("Apelado" o "Sr. Mata Cabello").

Con el beneficio de la comparecencia de ambas partes y por los fundamentos que exponemos a continuación, **confirmamos** el dictamen apelado.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

---

[1] Notificada el 31 de mayo de 2024.

Número Identificador
SEN2024 _____

El 29 de febrero de 2024 la Apelante presentó una *Demanda de Solicitud de Pensión Alimentaria para Menores & Pensión Alimentaria Excónyuge.*[2] El 15 de marzo de 2024, el TPI ordenó a la demandante mostrar causa por la cual el caso -SJ2024RF00308- no debía ser consolidado con el caso SJ2020RF00274 (en el cual se atendieron las mismas controversias). El 17 de marzo de 2024, el Apelado solicitó un término para formular su alegación responsiva o cualquier remedio que en derecho proceda. Además, solicitó que se tomara conocimiento judicial de que existe una pensión alimentaria a favor de los menores la cual fue acogida por el Tribunal de Primera Instancia, Sala de Bayamón (TPI de Bayamón), por virtud de la *Resolución*[3] dictada el 4 de diciembre de 2023 en el caso SJ2020RF00274, la cual fue confirmada por este Tribunal en el caso KLAN202400014 mediante *Sentencia*[4] dictada el 13 de marzo de 2024. Así las cosas, el 15 de abril de 2024 el Apelado presentó su *Contestación a la Demanda y Solicitud de Desestimación*[5]. Cabe señalar que, en la Demanda de epígrafe, la Sra. Thula Tovar indicó que su dirección física es #585 Ave. Roosevelt, Suite 6693, San Juan, PR 00936-6693, siendo esta dirección la correspondiente al Correo General que ubica en dicha avenida. Como resultado de lo anterior, el Sr. Mata Cabello sostiene que la Apelante está incurriendo en la práctica de "*forum shopping*" y así evadir la región

---

[2] Véase Apéndice del recurso, págs. 1-10. Cabe señalar que, para la fecha de presentación de la Demanda, este Tribunal tenía ante sí la consideración del caso KLAN202400014. Según indicamos, en esa ocasión esta Curia confirmó al foro de instancia el cual determinó que cualquier asunto relacionado al divorcio, custodia de menores, relaciones filiales, alimentos de menores y pensión excónyuge debían ser atendidos en el Juzgado 29 de Familia de Bogotá.
[3] Véase Apéndice del recurso, págs. 18-43. Dicha Resolución desestimó en su totalidad la Demanda Enmendada presentada el 6 de enero de 2022.
[4] Véase Apéndice del recurso, págs. 44-60.
[5] Véase Apéndice del recurso, págs. 11-17.

judicial de Bayamón. Además, el Apelado solicitó que se desestimara el caso de autos, toda vez que los remedios solicitados son los mismos que los del caso SJ2020RF00274, el cual fue denegado mediante *Resolución* emitida el 4 de diciembre de 2023.

El 8 de mayo de 2024, la Apelante presentó copia de un recurso de *Certiorari*[6] presentado ante el Tribunal Supremo de Puerto Rico y que está relacionado con la *Sentencia* emitida por este Tribunal en el caso KLAN202400014 y que, a su vez, confirma la Resolución emitida por el TPI el 4 de diciembre de 2023 en el caso SJ2020RF00274.

El 15 de mayo de 2024, la Sra. Thula Tovar presentó su *Oposición a Moción de Desestimación*[7]. Entre sus alegaciones, la Apelante sostiene que el Sr. Mata Cabello incurrió en fraude al informar que sigue siendo residente y domiciliado de Colombia. Por su parte, el 22 de mayo de 2024, la Apelante presentó una *Solicitud de Remedios Provisionales de Emergencia*[8] mediante la cual solicitó una pensión excónyuge a su favor por la suma de $6,000.00 mensuales junto con una pensión alimentaria a favor de los menores, por la suma de $6,000.00.

Finalmente, el 23 de mayo de 2024, la Apelante presentó una *Solicitud de Suspensión de Relaciones Paternofiliales & Referido a U.T.S.*[9], mediante la cual solicitó que se suspendan las relaciones paterno filiales y que el caso sea referido a la Unidad de Trabajo Social del Tribunal.

---

[6] Véase *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), Entrada #17.
[7] Véase Apéndice del recurso, págs. 100-119.
[8] Véase *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), Entrada #19.
[9] Véase *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), Entrada #20.

Así las cosas, el 30 de mayo de 2024[10], el TPI desestimó la demanda y dispuso "[…] *que cualquier asunto relacionado con la custodia, relaciones filiales, alimentos, patria potestad y cualquier asunto relacionado con los menores debe ser presentado en el caso SJ2020RF00274, o en el caso entre las partes en Colombia, conforme dispone la Resolución del 4 de diciembre de 2023.*"[11] Inconforme con el dictamen, el 1ro de julio de 2024, la Sra. Thula Tovar presentó un recurso apelativo ante esta Curia. En su escrito, la Apelante planteó los siguientes errores:

> ERRÓ EL TPI EN SU ESTÁNDAR DE REVISIÓN AL ADJUDICAR UNA MOCIÓN DISPOSITIVA CONFORME A LA REGLA 10.2 DE PROCEDIMIENTO CIVIL
>
> ERRÓ EL TPI AL NO RECONOCER EL FRAUDE AL TRIBUNAL

-II-

A. **Cosa Juzgada**

La doctrina de cosa juzgada tiene como propósito poner fin a los litigios luego de haber sido adjudicados por los tribunales y así, garantizar la certidumbre y la seguridad de los derechos declarados mediante resolución judicial. De esta forma, se evitan gastos adicionales al Estado y a los litigantes.[12] A fin de aplicar dicha doctrina, debemos considerar los requisitos que deben surgir de la controversia, a saber: (1) identidad de cosa, es decir, materia sobre la cual se ejerce la acción; (2) identidad de causas, el cual podemos definir como el *motivo* que tuvo el demandante para instar el

---

[10] Notificada el 31 de mayo de 2024.
[11] Véase Apéndice del recurso, pág. 12.
[12] *Presidential v. Transcaribe*, 186 DPR 263 (2012) citando a *Worldwide Food Dis., Inc. v. Colón et al.*, 133 DPR 827, 833-834 (1993).

pleito; (3) identidad de las personas de los litigantes y la calidad en que lo fueron. Sobre el tercer requisito, nuestro más alto foro ha señalado que *"los efectos de cosa juzgada se extienden a quienes intervienen en el proceso, a nombre y en interés propio."* Es decir, las personas jurídicas que son parte en ambos procedimientos, cumplidos los requisitos de identidad entre las causas y las cosas, serían las mismas que resultarían directamente afectadas por la excepción de la cosa juzgada.[13]

Ahora bien, una modalidad de la doctrina de cosa juzgada es la figura del impedimento colateral por sentencia. Según señaló el Tribunal Supremo, esta *"surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final, [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas."*[14] Al igual que la doctrina de cosa juzgada, esta modalidad tiene como fin promover la economía procesal, proteger a los litigantes de tener que probar sus reclamaciones en repetidas ocasiones y evitar litigios innecesarios y decisiones inconsistentes.[15]

Por su parte, el Tribunal Supremo reconoció que la modalidad de impedimento colateral por sentencia se manifiesta en dos modalidades, a saber: la ofensiva y la defensiva. Sobre la distinción entre ambas modalidades, nuestro más alto foro expresó lo siguiente: en su modalidad ofensiva, un demandante le impide al demandado litigar otra vez los asuntos que previamente litigó y

---

[13] *Presidential v. Transcaribe*, supra.
[14] *A & P Gen. Contractors v. Asoc. Cana*, 110 DPR 753, 762 (1981).
[15] *Íd.* a la pág. 276.

perdió frente a otra parte. Mientras, en la modalidad defensiva un demandado impide a un demandante que litigue nuevamente asuntos que previamente litigó y perdió frente a la otra parte. Ambas modalidades comparten el denominador común de que la parte afectada por la doctrina litigó y perdió el asunto en el pleito anterior.[16]

B. ***Forum Shopping***

Según expresó nuestro más alto foro, el *Forum Shopping* "*es la práctica de elegir la jurisdicción o el tribunal que según la apreciación del demandante resolvería una reclamación o controversia de la manera más favorable*".[17] Algunas de las razones por las cuales podría incurrirse en tal conducta lo son la búsqueda de un foro percibido como más benigno a cierto tipo de reclamación o parte, costos más bajos en la litigación, derecho sustantivo o procesal percibido como más favorable o conveniente, entre otros.[18]

-III-

De un examen de los autos del caso es evidente que la Apelante ha litigado el mismo asunto respecto a las mismas partes en dos pleitos distintos. Veamos.

En el caso SJ2020RF00274, la Sra. Thula Tovar solicitó la custodia y patria potestad de sus hijos, alimentos para los menores y alimentos excónyuge, entre otros remedios procesales. Es decir, los mismos remedios que solicita en el caso de epígrafe. Cabe señalar que,

---

[16] *Fatach v. Triple S, Inc.*, 147 DPR 882, 889-890 (1999). Véase, además, *P.R. Wire Prod. v. C. Crespo & Assoc.*, 175 DPR 139, 152 (2008) y *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 758 (1981).
[17] *Ramírez Sainz v. LG Cabanillas*, 177 DPR 1, 31 esc. 77 (2009).
[18] *Véase*, C.A. Whytock, The Evolving Forum Shopping System, 96 Cornell L. Rev. 481 (2011); E.T. Tracz, *Forum Shopping: Defensive Abuse of the Intrastate Forum Non Conveniens Doctrine*, 59 S. Tex L. Rev. 421, 430-434 (2018); (Note) *Forum Shopping Reconsidered*, 103 Harv. L. Rev. 1677 (1990).

en el caso SJ2020RF00274, estando inconforme con la decisión emitida por el foro primario, la Sra. Thula Tovar acudió ante esta Curia, quien confirmó el dictamen apelado. Nuevamente inconforme, la Apelante acudió ante el Tribunal Supremo mediante recurso de *Certiorari.*

Por otro lado, referente a que se declare roto y disuelto el vínculo matrimonial entre las partes, es menester señalar que dicho matrimonio fue disuelto por virtud de Sentencia dictada en Colombia y convalidada en Puerto Rico mediante Sentencia de *Exequátur*[19] por la Sala de Familia y Menores de Bayamón, la cual es final y firme. En lo aquí pertinente, la Sentencia dispone lo siguiente: "*Por tanto, verificado el cumplimiento de los criterios antes establecidos, este Tribunal otorga Entera Fe y Crédito a la sentencia emitida el 4 de marzo de 2022 y el 10 de agosto de 2022 por el juzgado de Colombia, **el cual disuelve el vínculo matrimonial entre las partes.**"*

Según surge de los autos del caso, las partes de epígrafe tuvieron la oportunidad de ser escuchadas y de presentar prueba a su favor. Por lo tanto, los asuntos aquí planteados constituyen cosa juzgada, toda vez que fueron adjudicados por un tribunal competente mediante Sentencia final y firme.

Además, este Tribunal sostiene que el foro competente para atender las controversias relacionadas al presente caso es la Sala de Familia y Menores de Bayamón, ya que la residencia de los menores y la Apelante ubica en dicha región judicial.

---

[19] Véase Apéndice del recurso, págs. 81-98. Énfasis suplido.

Del expediente judicial surge claramente que los dictámenes emitidos por el tribunal de Colombia y los de Puerto Rico no han sido favorables a la Sra. Thula Tovar. Como consecuencia de lo anterior, la parte Apelante ha ingeniado argumentos para evadir al tribunal competente. No nos convencen sus argumentos. Es evidente que la Apelante está incurriendo en *fórum shopping*, práctica que resulta temeraria y, por ende, inaceptable por este Tribunal.

-IV-

Por los fundamentos antes esbozados, **confirmamos** el dictamen emitido por el TPI y se impone una suma de honorarios de abogado por temeridad de $1,000.00, a ser pagada por la parte Apelante al Apelado en un término de veinte (20) días.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones