Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| KERMIT M. RODRÍGUEZ SEDA<br><br>Apelante<br><br>v.<br><br>ARLENE RODRÍGUEZ MORALES y otros<br><br>Apelados | KLAN202200954 | ***Apelación*** procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Sobre: Libelo, Calumnia o Difamación<br><br>Caso Núm.: PO2020CV00252 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Adames Soto, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece ante nos el Sr. Kermit M. Rodríguez Seda (señor Rodríguez Seda o apelante) para que revoquemos la Sentencia emitida el 13 de julio de 2022,[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). Allí, se declaró ha lugar la solicitud de desestimación presentada por la Sra. Yanira Colón Velázquez (señora Colón Velázquez o apelada) y, en consecuencia, desestimó la demanda sobre daños y perjuicios por difamación instada por la parte apelante en su contra.

Considerados los escritos de las partes, así como los documentos que los acompañan y a la luz del derecho aplicable, resolvemos confirmar la decisión apelada, aunque por otro fundamento. Veamos.

---

[1] Notificada a día siguiente.

Núm. Identificador

SEN2023_____

**-I-**

Los hechos en el presente caso se originaron el 26 de febrero de 2018 cuando el Departamento de Corrección y Rehabilitación (en adelante, DCR) acogió los Acuerdos del Comité de Clasificación y Tratamiento y, dictó Resolución reclasificando la custodia del señor Rodríguez Seda de <u>máxima a mediana</u>.[2] Como parte de las determinaciones de hechos, se consignó en el inciso #14 lo siguiente: *"[p]osee historial de uso de sustancias controladas, al momento no se ha beneficiado de las Terapias a pesar de haber sido referido".*[3] Además, se le advirtió al señor Rodríguez Seda sobre su derecho a apelar la decisión en un término de diez (10) días ante el Supervisor de la Oficina de Clasificación de Confinados en Nivel Central. Según se desprende del expediente, no lo hizo.

No obstante, compareció el **23 de julio de 2018** ante el TPI en el caso núm. PO2018CV00380 mediante la presentación de una demanda sobre daños y perjuicios por difamación en contra de la señora Colón Velázquez y la Sra. Arline Rodríguez Morales (señora Rodríguez Morales), ambas, en su carácter personal como miembros del Comité de Clasificación y Tratamiento.[4] Para el señor Rodríguez Seda no representó un problema el resultado de la Resolución de 26 de febrero de 2018, puesto que fue concedida su petición sobre cambio de custodia. Mas bien, su reclamación estribaba en la desacertada determinación de hecho #14 esbozada en la resolución, la cual consignaba que éste *"posee historial de uso de sustancias controladas".* En síntesis, el señor Rodríguez Seda argumentó que las apeladas fueron negligentes en la evaluación de su caso puesto que no corroboraron con su expediente médico el hecho de que no era, ni es, usuario de sustancias controladas. Tal actuación

---

[2] Exhibit 10 y 11 del recurso de apelación. Señalamos que no se incluyó un índice del apéndice y que no todos los exhibits están identificados ni numerados.
[3] *Ibid.*
[4] El DCR no fue incluido como codemandado. Véase, Exhibit A del recurso de apelación.

ocasionó que en la Resolución de 26 de febrero de 2018 quedara como un hecho probado que el señor Rodríguez Seda *"posee historial de uso de sustancias controladas"*. Según el apelante, lo anterior constituye un acto de difamación en su contra y en un ataque a su reputación. Además, sostuvo que la actuación difamatoria de las apeladas resultó en un retraso en su plan institucional toda vez que se le negó en dos (2) ocasiones anteriores la reclasificación de custodia. En vista de lo anterior, reclamó una indemnización por los daños sufridos y, que se elimine de su expediente toda aseveración donde se le señale como usuario de sustancias controladas.

El **22 de julio de 2019** el TPI dictó Sentencia en el caso PO2018CV00380. Acogió la solicitud de desestimación presentada por las apeladas y, en consecuencia, desestimó la demanda – <u>con perjuicio</u> - por falta de jurisdicción ante la falta de agotamiento de los remedios administrativos.[5] El señor Rodríguez Seda <u>no apeló</u> el dictamen, por lo que el mismo advino final y firme.

Posteriormente, el **14 de febrero de 2020** el señor Rodríguez Seda presentó <u>otra demanda</u> por difamación en el caso que nos ocupa. La demanda fue presentada nuevamente en contra de la señora Rodríguez Morales y la señora Colón Velázquez, por idénticos hechos y remedios alegados y solicitados en el caso PO2018CV00380.[6]

Así las cosas, el 24 de septiembre de 2020 la señora Colón Velázquez radicó una *Moción de Desestimación*.[7] Entre otras cosas, argumentó que el señor Rodríguez Seda debió presentar la queja en su contra ante el foro administrativo, por lo que el TPI carece de jurisdicción ante la falta de agotamiento de los remedios administrativos. En cualquier caso, la reclamación está prescrita

---

[5] Exhibit 15 del recurso de apelación.
[6] *Id.*, Exhibit 26.
[7] Exhibit del recurso de apelación.

toda vez que el señor Rodríguez Seda advino en conocimiento sobre la aseveración del uso de sustancias controladas el 26 de febrero de 2018, cuando se dictó Resolución ordenando la reclasificación de custodia. Mientras que la demanda se presentó dos (2) años después – 14 de febrero de 2020.

En oposición a la solicitud de desestimación, el señor Rodríguez Seda alegó que el TPI es foro con competencia, ya que alega la violación de derechos constitucionales. Por otra parte, señaló que el término de un (1) año para entablar la reclamación quedó interrumpido con la presentación de la demanda en el caso PO2018CV00380.

Sin embargo, el 6 de noviembre de 2020 la señora Colón Velázquez presentó el escrito intitulado *Moción informativa sobre Sentencia.*[8] Allí, advirtió al TPI sobre la Sentencia dictada en el caso PO2018CV00380 el 22 de julio de 2019, por lo cual alegó que la reclamación en el presente caso constituía cosa juzgada. El señor Rodríguez Seda replicó a lo informado por dicha parte.

Finalmente, el TPI dictó el **3 de junio de 2022** la Sentencia apelada declarando ha lugar la solicitud de desestimación de la señora Colón Velázquez.[9] Concluyó que las apeladas actuaron en su carácter oficial en función de sus deberes como miembros del Comité de Clasificación y Tratamiento. En ese sentido, señaló que no se incluyó como codemandado al DCR de manera que respondiera si se hubiese probado culpa o negligencia de estas en su carácter oficial. Resolvió, además, que el señor Rodríguez Seda no agotó los remedios administrativos. En cualquier caso, el TPI determinó que la causa de acción estaba prescrita.

Inconforme, el señor Rodríguez Seda comparece ante nos y señala los siguientes errores:

---

[8] Exhibit del recurso de apelación.
[9] *Id.*

*Erró el Honorable Tribunal al emitir o dictar una sentencia ilegal sin verificar todos los documentos que se le enviaron en la contestación a la desestimación solicitada por una de las demandadas, y su representación legal, especialmente los Exhibit del 1 al 8 del récord médico y el Exhibit 9 Letra F y la Letra H según el fundamento; y en el Exhibit 11 en las Conclusiones de Derecho el primer párrafo que dice al evaluar la totalidad del expediente; y en el segundo párrafo segunda oración; confinado ha cumplido con su plan institucional asignado. Esto lo comprueba la resolución de 13 de febrero de 2019 en el Exhibit 25 numeral #16 según evaluación de 18 de julio de 2018. En el Exhibit 24 hay más pruebas en el dopaje de sustancias controladas que indican Non Detected el 4 de diciembre de 2018 ordenado por la Dra. Evelyn Agostini. Los tribunales y la ley no pueden ser violadas. En el Exhibit 26 en la Determinación de Hechos en el párrafo número 4 habla de un resumen de clasificación de necesidades de salud en el área de abuso de drogas y el alcohol no tiene necesidad.*

*Erró el Honorable Tribunal al no solicitar del emplazador que solicitara de la Oficina de Recursos Humanos la dirección postal y (o) física de la codemandada Arlene Rodríguez Morales o al Sistema de Retiro o solicitar edictos a un periódico de circulación para su localización para que fuera emplazada y esto según la Sentencia del Honorable Tribunal que expresa que esta fue emplazada el 20 de febrero de 2020 y resultó negativo y no fue hasta que se redactó la moción en anotación de rebeldía que fue declarada Ha Lugar el 4 de noviembre de 2020 y que el 16 de noviembre de 2020 se deja sin efecto la anotación de rebeldía. Exhibit 27, 28 y 29.*

*Erró el Honorable Tribunal al no darse por enterado que la demanda fue incoada en el 2018, que hubo una sentencia de desestimación ilegal en el 22 de julio de 2019, Caso P02018-CV-00380 y que se redactó una moción al Honorable Tribunal pidiendo reconsideración y anulación de Sentencia por no proceder en derecho y aparentemente al Honorable Tribunal no se ha percatado que tanto en los epígrafes, en sus órdenes, en sus notificaciones no aparece el Departamento de Corrección e inclusive en las mociones de las representantes legales de las demandadas y que el mismo Honorable envió memorandos y documentos para volver a radicar demanda en forma pauperis, entendiendo que los términos para radicar no habían prescrito.*

**-II-**

En nuestro ordenamiento jurídico, la doctrina de cosa juzgada es una materia con base en derecho sustantivo,[10] la cual se encuentra tipificada en el Art. 1204 del Código Civil.[11] En lo pertinente, dicho artículo establece que:

*[p]ara que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las*

---

[10] *Presidential v. Transcaribe*, 186 DPR 263, 279 (2012).
[11] 31 LPRA sec. 3343. Aplica al presente caso el derogado Código Civil de 1930.

*personas de los litigantes y la calidad con que lo fueron.*[12]

En su utilización como un mecanismo de defensa, persigue evitar que en un pleito posterior se litiguen cuestiones que ya fueron o pudieron haber sido litigadas y adjudicadas en un pleito anterior.[13] Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por sentencia y aquél en que se esté invocando, concurra la más perfecta identidad de cosas, causas, litigantes y la calidad con que estos lo fueron.[14]

El requerimiento de que sean las *mismas partes* las que intervengan en el proceso, se conoce como identidad de personas o mutualidad de partes.[15] Al considerar el alcance de este requisito, se ha señalado que los efectos de la cosa juzgada, en principio, se extienden a aquellos que intervienen en el proceso, a nombre y en interés propio.[16] Por su parte, la alusión a la existencia de la *más perfecta identidad entre las cosas*, responde básicamente a identificar el bien jurídico cuya protección o concesión se solicita, para así poder determinar si ambos litigios se refieren a un mismo asunto.[17] En la evaluación de este requisito, se debe atender al siguiente criterio: "*si un juez está expuesto a contradecir una decisión anterior afirmando un derecho nacido o naciente*".[18] Por último, el requisito de *identidad de las causas*, alude al motivo de pedir o el fundamento capital entre ambos pleitos, el origen de las acciones o excepciones planteadas y resueltas.[19] Por tanto, para determinar si existe identidad de causas, nos debemos preguntar si ambas

---

[12] *Ibid.*
[13] *P.R. Wire Prod. v. C. Crespo & Assoc.*, 175 DPR 139, 151 (2008); *Parrilla v. Rodríguez*, 163 DPR 263, 269 (2004).
[14] *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, pág. 150.
[15] *Fatach v. Seguros Triple S, Inc.*, 147 DPR 882, 889 (1999).
[16] *A & P Gen. Contractors v. Asoc. Caná, Inc.*, 110 DPR 753, 766 (1981).
[17] *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 222 (2012).
[18] *Presidential v. Transcaribe*, supra, pág. 274.
[19] *Beníquez et al. v. Vargas et al.*, supra, pág. 223.

reclamaciones tienen como base la misma transacción o núcleo de hechos.[20]

El Tribunal Supremo de Puerto Rico, citando a Manresa, ha expresado que la doctrina de cosa juzgada implica que lo ya resuelto, mediante un fallo firme por un tribunal competente, lleva en sí la firmeza de su irrevocabilidad.[21] Ello, produce que tal determinación sea concluyente en un segundo pleito entre las mismas partes, aunque estén en controversia causas de acción distintas.[22] De manera, que esta doctrina es valiosa y necesaria para la sana administración de la justicia, ya que vela por el interés del Estado en que finalicen los pleitos y promueve que los ciudadanos no sean sometidos a las molestias que entraña la litigación de una misma causa de acción dos veces.[23]

**-III-**

La parte apelante aduce que el TPI incidió al desestimar, con perjuicio, la demanda por las siguientes razones: **(1)** la reclamación no está prescrita; y **(2)** erró en la apreciación de la prueba documental. En cuanto al primer planteamiento, razonamos que le asiste la razón al señor Rodríguez Seda. La Resolución de 26 de febrero de 2018 fue notificada al apelante el 28 de febrero del mismo año. Por lo cual, la presentación de la demanda por difamación en el caso PO2018CV00380 el 23 de julio de 2019, tuvo el efecto de interrumpir el término de prescripción.

Sin embargo, colegimos que lo anterior resulta inmaterial, así como el planteamiento sobre la apreciación de la prueba, toda vez que la controversia en el presente caso está enmarcada en cosa juzgada. Veamos.

---

[20] *Presidential v. Transcaribe*, supra, pág. 275.
[21] *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, págs. 150-151.
[22] *A & P Gen. Contractors v. Asoc. Caná*, supra, pág. 762.
[23] *Presidential v. Transcaribe*, supra, pág. 274.

Es un hecho incontrovertido que el **23 de julio de 2018** el señor Rodríguez Seda presentó en el caso PO2018CV00380 una demanda sobre daños y perjuicios por alegados actos de difamación cometidos en su contra por las señoras Colón Velázquez y Rodríguez Morales. La presunta conducta difamatoria surge de la determinación de hecho #14 esbozada en la Resolución dictada el 26 de febrero de 2018 por el DCR sobre reclasificación de custodia.

Sin embargo, el **22 de julio de 2019** el TPI dictó Sentencia en el caso PO2018CV00380 desestimando – con perjuicio – la causa de acción por difamación por falta de jurisdicción ante la falta de agotamiento de los recursos administrativos. El señor Rodríguez Seda no apeló dicho dictamen; por lo cual es mismo advino final y firme.

No obstante, el señor Rodríguez Seda presentó el 14 de febrero de 2020 otra demanda sobre daños y perjuicios por difamación. De un examen a la misma, advertimos la *identidad de partes* en el caso PO2018CV00380 con el de epígrafe. Asimismo, las alegaciones y remedios solicitados por el apelante son idénticos al caso previo de difamación; es decir, *identidad de las causas*. Por ende, en este caso, el señor Rodríguez Seda está impedido de re litigar una controversia que fue debidamente adjudicada por el tribunal sentenciador y que advino *final y firme*.

En consecuencia, al concurrir la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron, entre el caso del 2018 y el caso de 2020, resolvemos que procede la desestimación de la presente causa de acción ante la aplicación de la doctrina de cosa juzgada.

**-IV-**

Por los fundamentos antes expuestos, se confirma la Sentencia dictada por el TPI el 13 de julio de 2022 conforme a lo aquí intimado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones