ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| NATHAN CABÁN GARCÍA, MARÍA M. REYES PAGÁN Y LA SOCIEDAD LEGAL DE GANANCIALES EXISTENTES ENTRE AMBOS POR SÍ Y EN REPRESENTACIÓN DE TODAS LAS PERSONAS QUE SE HALLAN EN LA MISMA SITUACIÓN<br><br>Parte Apelante<br><br>V.<br><br>BANCO POPULAR DE PUERTO RICO, HSBC BANK USA, N.A. DEMANDADOS DESCONOCIDOS, COMPAÑÍA DE SEGUROS ABC<br><br>Parte Apelada | TA2026AP00057 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. SJ2024CV10433<br><br>Sobre:<br>DUAL TRACKING, LEY 169-2016, DAÑOS Y PERJUICIOS, INTERDICTO PERMANENTE, NULIDAD DE SENTENCIA, RESPA, SENTENCIA DECLARATORIA, LEY NÚM. 184-2012, PLEITO DE CLASE AL AMPARO DE LA LEY DE CLASE EL CONSUMIDOR, LEY NÚM. 18 DE 25 DE JUNIO DE 1971, LEY NÚM. 139 DE 2018- SALAS DE ASUNTOS HIPOTECARIOS. LEY DE TRANSACCIONES COMERCIALES |

Panel integrado por su presidenta, el juez Salgado Schwarz, la juez Aldebol Mora y la juez Lotti Rodríguez.[1]

Salgado Schwarz, Carlos G., Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de abril de 2026

Comparece Nathan Cabán García y María M. Reyes Pagán ("Apelantes") y solicitan que se revoque la Sentencia emitida el 3 de noviembre de 2025[2] por el Tribunal de Primera Instancia, Sala Superior de Carolina ("foro de

---

[1] Mediante Orden Administrativa OATA-2026-011 del 18 de febrero de 2026 se designa a la Hon. Glorianne M. Lotti Rodríguez en sustitución de la Hon. Maritere Brignoni Mártir debido a su inhibición.
[2] Notificada el 6 de noviembre de 2025.

instancia" o "foro recurrido"). En esa ocasión, el foro de instancia desestimó con perjuicio la demanda e impuso costas y honorarios de abogados a favor del Banco popular de Puerto Rico.

Por los fundamentos que exponemos a continuación, se **confirma** la Sentencia apelada en lo que respecta al Banco Popular de Puerto Rico y se **revoca** en lo concerniente a HSBC Bank USA National Association.

-I-

A continuación, detallamos los hechos pertinentes a la controversia de epígrafe.

El caso que nos ocupa se remonta al 11 de julio de 2016 cuando el Banco Popular de Puerto Rico ("BPPR") presentó una *Demanda*[3] contra los aquí Apelantes por cobro de dinero y ejecución de hipoteca. Luego de varios trámites procesales, el 14 de febrero de 2017, BPPR y los Apelantes presentaron una *Moción Solicitando Sentencia por Consentimiento*. Mediante dicha moción, los Apelantes reconocieron las sumas adeudadas al BPPR y se comprometieron a pagar las deudas a través de un *Acuerdo y Plan de Pago*[4]. Así las cosas, el 19 de abril de 2017 el Tribunal de Primera Instancia, Sala Superior de Trujillo Alto dictó *Sentencia*[5] acogiendo el acuerdo entre las partes. Posteriormente, los Apelantes se acogieron al capítulo 7 de la Ley de Quiebras[6] mediante una petición voluntaria[7]. De conformidad con ello, el Tribunal paralizó los procedimientos y dejó sin efecto la Sentencia dictada

---

[3] Véase Entrada #27, Anejo #1, págs. 1-5 del expediente de Primera Instancia en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] *Íd.*, Anejo #2, págs. 6-7.
[5] *Íd.*, Anejo #3.
[6] 11 U.S.C. § 727.
[7] Véase Entrada #27, Anejo #4 del expediente de Primera Instancia en SUMAC.

acogiendo el acuerdo sobre el plan de pago[8]. Cabe señalar que el archivo del caso fue sin perjuicio.

El 13 de agosto de 2018, BPPR presentó una *Moción Solicitando Reapertura y Moción Solicitando Sentencia Sumaria*[9]. Los Apelantes se opusieron a dicha moción mediante escrito presentado el 25 de octubre de 2018[10]. Como parte de sus planteamientos, alegaron que BPPR estaba incurriendo en la práctica de "*dual tracking*". Entre sus argumentos, señalaron que la mediación compulsoria a la que hace referencia el Artículo 3 de la Ley Núm. 184 de 17 de agosto de 2012, según enmendada, conocida como *Ley para Mediación Compulsoria y preservación de tu Hogar en los Procesos de Ejecuciones de Hipotecas de una Vivienda Principal* concluyó por desistimiento. Así, el 27 de enero de 2020, el foro de instancia emitió una *Sentencia*[11] declarando *Con Lugar* la Sentencia Sumaria presentada por BPPR. En consecuencia, ordenó a los Apelantes a cumplir con los pagos adeudados. Luego de varios trámites procesales, el 3 de enero de 2023, BPPR presentó una *Moción Solicitando Orden y Mandamiento de Ejecución de Sentencia*[12]. El 31 de mayo de 2024, el foro de instancia emitió una *Resolución*[13] en la que sostuvo que la Sentencia del 27 de enero de 2020 era final y firme. Además, rechazó la alegación de "*dual tracking*" levantada por los Apelantes.

Resulta necesario señalar que, según se desprende de los autos del caso, los Apelantes fueron parte de un pleito de clase presentado ante el Tribunal Federal bajo

---

[8] *Íd.*, Anejo #5.
[9] *Íd.*, Anejo #7.
[10] *Íd.*, Anejo #9.
[11] *Íd.*, Anejo #11.
[12] *Íd.*, Anejo #12.
[13] *Íd.*, Anejo #16.

el número 17-cv-2263. En dicho pleito los Apelantes presentaron las mismas alegaciones de "*dual tracking*" indicando que se les negó el derecho a cualificar para "*loss mitigation*". Además, señalaron que BPPR y los otros demandados, violaron la ley federal RESPA, así como la Ley Núm. 184-2012, *supra*, y la Ley Núm. 169 de 9 de agosto de 2016, según enmendada, conocida como *Ley de Ayuda al Deudor Hipotecario*. También indicaron que se les había causado daños y perjuicios por la manera en la que habían manejado sus hipotecas y reclamaciones contra los deudores. A tales efectos, el foro federal desestimó la demanda con perjuicio respecto a las reclamaciones federales, mientras que las reclamaciones locales fueron desestimadas sin perjuicio[14].

Posteriormente, el 9 de noviembre de 2024, los Apelantes presentaron una *Acción Civil Jurada, Solicitud de Interdicto Permanente, Sentencia Declaratoria, Daños y Perjuicios*[15] contra BPPR y HSBC Bank USA National Association ("HSBC"). El 27 de enero de 2025, BPPR presentó una *Solicitud de Desestimación por Cosa Juzgada*[16]. En síntesis, alegó que los Apelantes pretenden re-litigar reclamaciones que han sido adjudicadas en su contra, de manera final y firme, tanto por el Tribunal de Primera Instancia como por los foros federales. El BPPR también sostuvo que los Apelantes incurrieron en "*forum shopping*" y abuso de los procedimientos. Así las cosas, el 28 de febrero de 2025, los Apelantes presentaron su *Oposición a Moción de Desestimación*[17]. Mediante dicha moción, los Apelantes negaron los planteamientos de BPPR

---

[14] *Íd.*, Anejo #22.
[15] Véase Entrada #1 del expediente de Primera en Instancia en SUMAC.
[16] Véase Entrada #27 del expediente de Primera Instancia en SUMAC.
[17] Véase Entrada #40 del expediente de Primera Instancia en SUMAC.

alegando que sus reclamaciones no han sido resueltas en sus méritos mediante sentencia final y firme por ningún tribunal de Puerto Rico y tampoco a nivel federal. Además, indicaron que BPPR incurrió en la práctica de "*dual tracking*" y ha evadido ofrecerle a los Apelantes todas las alternativas de mitigación de pérdidas en contravención de la naturaleza jurisdiccional de la Ley Núm. 184-2012, Ley Núm. 169-2016 y de RESPA.

El 19 de marzo de 2025, HSBC presentó una *Moción de Desestimación*[18]. En esa ocasión, y en lo que respecta a la controversia ante nos, señaló que el tribunal carece de jurisdicción debido a que el emplazamiento por edicto no se hizo conforme a derecho. Particularmente, señaló que carece de una descripción adecuada en cuanto a la naturaleza del pleito. Además, incorporó, por referencia los planteamientos de cosa juzgada señalados por BPPR. Al día siguiente, BPPR presentó una *Réplica a "Oposición a Moción de Desestimación"*[19] reiterando que los Apelantes interesan re-litigar reclamaciones que han sido ampliamente adjudicadas en su contra.

El 6 de abril de 2025, los Apelantes presentaron su oposición a la moción de desestimación presentada por HSBC[20]. Entre sus planteamientos, señalaron que las alegaciones de la Demanda satisfacen las exigencias de nuestro ordenamiento jurídico, por lo que no procede la desestimación conforme a la Regla 10.2 de Procedimiento Civil[21]. Además, alegaron que el emplazamiento por edicto satisfizo las disposiciones sustantivas y procesales que requiere la Regla 4.6 de Procedimiento Civil[22]. Sobre el

---

[18] Véase Entrada #44 del expediente de Primera Instancia en SUMAC.
[19] Véase Entrada #46 del expediente de Primera Instancia en SUMAC.
[20] Véase Entrada #48 del expediente de Primera Instancia en SUMAC.
[21] 32 LPRA Ap. V, R. 10.2.
[22] 32 LPRA Ap. V, R. 4.6.

asunto de cosa juzgada, los Apelantes indicaron que los asuntos en controversia no han sido resueltos en sus méritos mediante sentencia final y firme. El 24 de abril de 2025, HSBC replicó a dicha moción reiterando sus planteamientos.

Así las cosas, el 3 de noviembre de 2025, el foro de instancia emitió una *Sentencia*[23]. En esa ocasión, y en lo que respecta a la controversia de epígrafe, el foro de instancia declaró con lugar la moción de desestimación presentada por BPPR, desestimando con perjuicio las reclamaciones basadas en "*dual tracking*", Ley Núm. 169-2016, RESPA, Ley Núm. 184-2012, Ley Núm. 139-2018 y Ley de Transacciones Comerciales. Respecto a HSBC, concluyó que el emplazamiento por edicto citó vagamente ciertas disposiciones legales y no proveyó una descripción adecuada de las reclamaciones del pleito.

Inconforme con la determinación, el 19 de noviembre de 2025, los Apelantes presentaron una *Moción de Reconsideración*[24] a la que se opuso BPPR y HSBC[25]. El 16 de diciembre de 2025, el foro recurrido emitió una *Resolución Interlocutoria*[26] en la que declaró *No Ha Lugar* la moción de reconsideración presentada por los Apelantes. Nuevamente inconforme, el 15 de enero de 2026, el señor Cabán García y la señora Reyes Pagán, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos, presentaron una Apelación ante este Tribunal e hicieron los siguientes señalamientos de error:

**ERRÓ Y ABUSÓ DE SU DISCRECION EL FORO DE INSTANCIA AL DICTAR SENTENCIA MEDIANTE LA CUAL**

---

[23] Véase Entrada #57 del expediente de Primera Instancia en SUMAC.
[24] Véase Entrada #59 del expediente de Primera Instancia en SUMAC.
[25] Véase Entradas #63 y #64 del expediente de Primera Instancia en SUMAC.
[26] Véase Entrada #65 del expediente de Primera Instancia en SUMAC.

**DESESTIMÓ CON PERJUICIO LA DEMANDA QUE ORIGINÓ ESTE CASO, ADUCIENDO INCORRECTAMENTE QUE LOS ASUNTOS RECOGIDOS EN LA MISMA YA FUERON OBJETO DE PONDERACIÓN Y RESOLUCIÓN; AL CONCLUIR ERRÓNEAMENTE QUE LA PARTE APELANTE HA HECHO UN USO INCORRECTO DE LA REGLA 49.2 DE LAS DE PROCEDIMIENTO CIVIL, *SUPRA*; AL CONCLUIR ERRÓNEAMENTE TAMBIÉN QUE LA PARTE APELANTE RECIBIÓ PLANES DE MODIFICACIÓN DE SU PRÉSTAMO HIPOTECARIO QUE NO ACEPTÓ SIN MÁS Y QUE PROCEDE LA IMPOSICIÓN DE HONORARIOS DE ABOGADOS Y COSTAS A LA PARTE APELANTE.**

**ERRÓ Y ABUSÓ DE SU DISCRECION EL FORO DE INSTANCIA AL DESESTIMAR CON PERJUICIO LA DEMANDA DE ESTE CASO, ADUCIENDO QUE NO ADQUIRIÓ JURISDICCIÓN SOBRE HSBC, PORQUE EL EMPLAZAMIENTO POR EDICTO A LA ÚLTIMA FUE DEFECTUOSO.**

El 18 de febrero de 2026, HSBC presentó su *Alegato en Oposición a la Apelación*. En síntesis, argumentó que la Apelación no fue presentada oportunamente, toda vez que la Moción de Reconsideración presentada por los Apelantes en el foro de instancia no interrumpió el término para apelar, el cual alegan venció el 8 de diciembre de 2025. Además, señaló que procede sostener la determinación del foro recurrido dado los múltiples defectos en el contenido del edicto.

Por su parte, el 19 de febrero de 2026, BPPR presentó su alegato en oposición. En lo aquí pertinente, sostuvo que las reclamaciones presentadas por los Apelantes en el caso de epígrafe constituyen cosa juzgada debido a que fueron discutidas y atendidas por el foro de instancia en el caso FECI201600985 y en el foro federal en el caso civil Núm. 17-cv-2263(DRD).

-II-

**A. Doctrina de cosa juzgada**

La doctrina de cosa juzgada tiene como propósito poner fin a los litigios luego de haber sido adjudicados por los tribunales y así, garantizar la certidumbre y la seguridad de los derechos declarados mediante resolución

judicial. De esta forma, se evitan gastos adicionales al Estado y a los litigantes.[27] A fin de aplicar dicha doctrina, debemos considerar los requisitos que deben surgir de la controversia, a saber: (1) identidad de cosa, es decir, materia sobre la cual se ejerce la acción; (2) identidad de causas, el cual podemos definir como el *motivo* que tuvo el demandante para instar el pleito; (3) identidad de las personas de los litigantes y la calidad en que lo fueron. Sobre el tercer requisito, nuestro más alto foro ha señalado que "*los efectos de cosa juzgada se extienden a quienes intervienen en el proceso, a nombre y en interés propio.*" Es decir, las personas jurídicas que son parte en ambos procedimientos, cumplidos los requisitos de identidad entre las causas y las cosas, serían las mismas que resultarían directamente afectadas por la excepción de la cosa juzgada.[28]

Ahora bien, una modalidad de la doctrina de cosa juzgada es la figura del impedimento colateral por sentencia. Según señaló el Tribunal Supremo, esta "*surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final, [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas.*"[29] Al igual que la doctrina de cosa juzgada, esta modalidad tiene como fin promover la economía procesal, proteger a los litigantes de tener que probar sus reclamaciones en repetidas ocasiones y evitar litigios innecesarios y decisiones inconsistentes.[30]

---

[27] *Presidential v. Transcaribe*, 186 DPR 263 (2012) citando a *Worldwide Food Dis., Inc. v. Colón et al.*, 133 DPR 827, 833-834 (1993).
[28] *Presidential v. Transcaribe*, supra.
[29] *A & P Gen. Contractors v. Asoc. Cana*, 110 DPR 753, 762 (1981).
[30] *Íd.*, a la pág. 276.

Por su parte, el Tribunal Supremo reconoció que la modalidad de impedimento colateral por sentencia se manifiesta en dos modalidades, a saber: la ofensiva y la defensiva. Sobre la distinción entre ambas modalidades, nuestro más alto foro expresó lo siguiente: en su modalidad ofensiva, un demandante le impide al demandado litigar otra vez los asuntos que previamente litigó y perdió frente a otra parte. Mientras, en la modalidad defensiva un demandado impide a un demandante que litigue nuevamente asuntos que previamente litigó y perdió frente a la otra parte. Ambas modalidades comparten el denominador común de que la parte afectada por la doctrina litigó y perdió el asunto en el pleito anterior.[31]

**B. Regla 49.2 de Procedimiento Civil**

La Regla 49.2 de las de Procedimiento Civil[32] dispone el mecanismo procesal que se tiene disponible para solicitar el relevo de los efectos de una sentencia adversa cuando esté presente alguna de las razones allí expuestas. El propósito de dicha regla consiste en impedir que se frustren los fines de la justicia mediante tecnicismos y sofisticaciones[33]. Este remedio permite al tribunal realizar un balance entre dos principios de cardinal importancia en nuestro sistema legal: (1) que todo litigio sea resuelto y tenga su conclusión y (2) que en cada caso se imparta justicia[34]. En particular, la referida regla dispone que el tribunal puede relevar a una parte de una sentencia, orden o procedimiento cuando exista alguno de los siguientes fundamentos:

---

[31] *Fatach v. Triple S, Inc.*, 147 DPR 882, 889-890 (1999). Véase, además, *P.R. Wire Prod. v. C. Crespo & Assoc.*, 175 DPR 139, 152 (2008) y *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 758 (1981).
[32] Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.
[33] *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010).
[34] *Náter v. Ramos*, 162 DPR 616, 624 (2004).

(a)  Error, inadvertencia, sorpresa o negligencia excusable;

(b)  Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c)  Fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d)  Nulidad de la sentencia;

(e)  La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f)  Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia[35].

Para que proceda el relevo de sentencia bajo la antedicha regla, es necesario que el peticionario justifique su solicitud amparándose en, al menos, una de las causales anteriormente mencionadas[36]. No obstante lo anterior, relevar a una parte de los efectos de una sentencia adversa es una decisión discrecional de lo tribunales, excepto en los casos de nulidad o cuando la sentencia ya ha sido satisfecha[37]. Así pues, nuestro Tribunal Supremo ha expresado que el precepto debe interpretarse de manera liberal y cualquier duda debe resolverse a favor de la persona que solicita que se deje sin efectos la sentencia, a fin de que el proceso continúe y la controversia pueda resolverse en sus méritos[38]. Ahora bien, es importante resaltar que este mecanismo procesal postsentencia no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación[39].

---

[35] 32 LPRA Ap. V, R. 49.2.
[36] *García Colón et al. v. Sucn. González, supra*, pág. 540.
[37] *Náter v. Ramos, supra*, pag. 624.
[38] *García Colón et al. v. Sucn. González, supra*, pág. 541.
[39] *Íd.*

## C. Costas y Honorarios de abogado

En nuestro ordenamiento jurídico, la imposición de costas está regulada por la Regla 44.1 de Procedimiento Civil[40]. Sobre este particular, la regla dispone lo siguiente:

> Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra[41].

Por otro lado, la citada regla establece que la imposición de honorarios de abogado procede cuando una parte ha actuado con temeridad o frivolidad.[42] En parte pertinente, la Regla 44.1 de Procedimiento Civil, *supra*, establece lo siguiente:

> En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta [...][43].

A pesar de que la citada regla no define en qué consiste una conducta temeraria, la jurisprudencia la ha descrito como "*aquellas actuaciones de un litigante que lleven a un pleito que pudo evitarse, que provoquen la prolongación indebida del trámite judicial o que obliguen a la otra parte a incurrir en gastos innecesarios para hacer valer sus derechos*"[44]. Así, la penalidad que se impone por conducta temeraria tiene como fin "*disuadir la litigación frívola y fomentar las transacciones mediante*

---

[40] 32 LPRA Ap. V, R. 44.1.
[41] 32 LPRA Ap. V, R. 44.1 (a).
[42] *Torres Vélez v. Soto Hernández*, 189 DPR 972, 993 (2013).
[43] 32 LPRA Ap. V, R. 44.1 (d).
[44] *SGL González-Figueroa v. SGL et al.*, 209 DPR 138, 148 (2022).

*sanciones que compensen a la parte victoriosa por los perjuicios económicos y las molestias producto de la temeridad de la otra parte*"[45]. También se ha indicado que el propósito de la imposición de honorarios es penalizar a la parte que por su "*terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito*"[46]. Es decir, que es temerario quien torna necesario un pleito frívolo o provoca su indebida prolongación, obligando a la otra parte a incurrir en gastos innecesarios[47].

La decisión sobre si procede la imposición de honorarios de abogado descansa en la sana discreción del juzgador[48]. Determinada la existencia de temeridad, el tribunal deberá tomar en consideración una serie de factores para poder calcular la cantidad que concederá, a saber: "*(1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada, y (5) el nivel profesional de los abogados*"[49] La cantidad concedida en honorarios de abogado al amparo de la Regla 44.1 de Procedimiento Civil, *supra*, no necesariamente tiene que ser equivalente al valor de los servicios legales prestados, sino a "*aquella suma que en consideración al grado de temeridad y demás circunstancias el tribunal concluye que representa razonablemente el valor de esos servicios*"[50].

---

[45] *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 505 (2010).
[46] *C.O.P.R. v. S.P.U.,* 181 DPR 299, 342 (2011); *Torres Vélez v. Soto Hernández, supra.*
[47] *Colón Santos v. Coop. Seg. Mult. P.R.*, 173 DPR 170, 188 (2008); P.R. Oil v. Dayco, 164 DPR 486, 511 (2005); *Domínguez v. GA Life*, 157 DPR 690, 706 (2002).
[48] *SGL González-Figueroa v. SLG et al.*, supra, pág. 150.
[49] *C.O.P.R. v. S.P.U., supra,* pág. 342-343.
[50] *Santos Bermúdez v. Texaco P.R., Inc.,* 123 DPR 351, 357 (1989).

## D. El Emplazamiento

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado de la existencia de una reclamación instada en su contra y se le requiere que comparezca para que formule alegación responsiva. Es mediante el debido diligenciamiento del emplazamiento que el tribunal adquiere jurisdicción sobre la persona para resolver un asunto[51].

Los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de las de Procedimiento Civil[52]. La inobservancia de dichos requisitos priva al tribunal de jurisdicción sobre la persona del demandado[53]. Por tanto, los requisitos son de cumplimiento estricto y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley[54]. Así, las Reglas de Procedimiento Civil disponen que al instar la acción en el tribunal la parte demandante "*presentará el formulario de emplazamiento conjuntamente con la demanda, para su expedición inmediata por el Secretario*" del Tribunal[55].

Como norma general, expedido el emplazamiento, debe ser diligenciado juntamente con la demanda personalmente, ya sea mediante su entrega física a la parte demandada, o haciéndola accesible en su inmediata presencia[56]. No obstante, cuando la entrega personal no puede efectuarse porque la persona a ser emplazada está fuera de Puerto Rico o, entre otros, es una corporación extranjera sin

---

[51] *Cancel Rivera v. González Ruiz*, 200 DPR 319, 330 (2018); *Torres Zayas v. Montano Gómez*, 199 DPR 458, 467 (2017); *Global v. Salaam*, 164 DPR 474, 480 (2005).

[52] 32 LPRA Ap. V, R. 4.

[53] *Torres Zayas v. Montano*, *supra*, pág. 467; *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004).

[54] *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 654-655 (2018); *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000).

[55] 32 LPRA Ap. V, R. 4.1.

[56] 32 LPRA Ap. V, R. 4.4.

agente residente, las Reglas 4.3(4) y 4.6 de Procedimiento Civil, por excepción, establecen como alternativa el emplazamiento por edicto[57]. A fin de que el tribunal ordene el emplazamiento mediante edicto, el demandado instará una moción acompañada por una declaración jurada, conocida como el afidávit de méritos, acreditando a satisfacción del tribunal las diligencias realizadas para emplazar personalmente al demandado o que se manifiesta uno de los casos previstos por la Regla 4.6 de Procedimiento Civil, *supra*[58].

La Regla 4.6 de Procedimiento Civil, *supra*, establece el procedimiento a seguir cuando la parte demandante se proponga emplazar por edicto. En lo pertinente, el inciso (b) de la regla establece que el edicto deberá incluir la siguiente información:

(1) Título – Emplazamiento por Edicto
(2) Sala del Tribunal de Primera Instancia
(3) Número del caso
(4) Nombre de la parte demandante
(5) Nombre de la parte demandada a emplazarse
(6) Naturaleza del pleito
(7) Nombre, dirección y teléfono del abogado o abogada de la parte demandante
(8) Nombre de la persona que expidió el edicto
(9) Fecha de expedición
(10) Término dentro del cual la persona así emplazada deberá contestar la demanda, según se dispone en la Regla 10.1, y la advertencia a los efectos de que si no contesta la demanda presentando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado sin más citarle ni oírle. El edicto identificará con letra negrilla tamaño diez (10) puntos toda primera mención de persona natural o jurídica que se mencione en éste[59].

Resulta meritorio señalar que, ante un emplazamiento defectuoso, el tribunal está impedido de actuar contra una persona, y si lo hace, la sentencia que recaiga será

---

[57] 32 LPRA Ap. V, R. 4.3 (4) y 4.6.
[58] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 269.
[59] 32 LPRA Ap. V, R. 4.6 (b).

nula por falta de jurisdicción sobre la persona[60]. Esto, pues "*[t]oda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional*"[61].

-III-

En el presente caso, los Apelantes señalan que erró el foro de instancia al desestimar la demanda bajo la doctrina de cosa juzgada y concluir que no procede la aplicación de la Regla 49.2 de Procedimiento Civil. Además, alegan que el foro recurrido erró al imponerle costas y honorarios de abogados. Finalmente, los Apelantes sostienen que no procede el planteamiento sobre falta de jurisdicción sobre HSBC. Veamos.

Según surge de los autos del caso, la controversia de epígrafe tuvo su génesis en el año 2016. En esa ocasión, BPPR presentó una Demanda en cobro de dinero y ejecución de hipoteca contra los aquí Apelantes. Posteriormente, BPPR presentó una *Moción Solicitando Sentencia por Consentimiento*, mediante la cual los Apelantes reconocieron las sumas adeudadas a BPPR y se comprometieron a pagarlas. A tales efectos, el foro de instancia dictó sentencia. Sin embargo, poco tiempo después, los Apelantes se acogieron al capítulo 7 de la Ley de Quiebras, por lo que el tribunal tuvo que paralizar los procedimientos y dejar sin efecto la sentencia dictada.

Posteriormente, conforme al resultado del caso en la Corte de Quiebras, BPPR solicitó la reapertura del caso

---

[60] *Rivera v. Jaume*, 157 DPR 562, 574 (2002); *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 21 (1993).

[61] *Torres Zayas v. Montano Gómez, supra*, pág. 469 citando a J. Echavarría Vargas, *Procedimiento Civil Puertorriqueño*, 2012, pág. 56.

y presentó una moción solicitando que se dictara sentencia a su favor debido a que los Apelantes no habían efectuado pago alguno de acuerdo a las estipulaciones entre estos y BPPR. Los Apelantes se opusieron a dicha petición alegando que BPPR estaba incurriendo en "*dual tracking*". Además, invocaron una reclamación bajo la Ley 169-2016 sobre ayudas al deudor hipotecario. Luego de múltiples trámites, el foro de instancia emitió una sentencia a favor de BPPR.

Por su parte, y según indicamos en el acápite I de esta Sentencia, los Apelantes fueron parte de un pleito de clase ante el Tribunal Federal donde alegaron que BPPR incurrió en la práctica de "*dual tracking*", violación a la ley federal RESPA, así como a las leyes locales Núm. 184-2012 y Núm. 169-2016. El foro federal pasó juicio sobre tales reclamaciones desestimó la demanda.

Luego de analizar los documentos que obran en el expediente del caso, resulta evidente que estamos ante un escenario de cosa juzgada. Nos explicamos.

La controversia planteada ante nos, fue objeto de discusión, no sólo en el foro estatal, sino también en el foro federal. En ambas instancias, los aquí Apelantes presentaron las mismas reclamaciones que son objeto del presente pleito. Además, en ambos litigios estuvieron presentes las mismas partes, a saber, BPPR y los Apelantes. Es decir, entre los pleitos existe identidad de partes, identidad de causas de acción y una sentencia final resuelta en sus méritos. Reiteramos que lo determinante en el caso de epígrafe es que los hechos y alegaciones que configuran las reclamaciones fueron adjudicadas en sus méritos.

Pasemos a evaluar el planteamiento respecto a la Regla 49.2 de Procedimiento Civil. Los Apelantes sostienen que procede el relevo de sentencia bajo el fundamento de "nulidad de sentencia". Estos alegan que el pagaré en cuestión pasó de Doral Financial Corporation a HSBC, sin que la parte apelada (BPPR y HSBC) haya acreditado la tenencia de buena fe de dicho instrumento negociable. Además, alegan que dicha discusión no ha sido atendida en sus méritos ni resuelta mediante sentencia final y firme.

Nuestro más alto foro ha expresado que el mecanismo que provee la Regla 49.2 no puede ser utilizado para cuestiones que debieron ser planteadas mediante los recursos de reconsideración y apelación. Tal y como hemos indicado, las controversias aquí planteadas fueron objeto de discusión en el caso FECI201600985, en el cual el foro de instancia emitió una Sentencia final y firme el 27 de enero de 2020. Ese era el momento para presentar un recurso de revisión o apelación sobre la tenencia de buena fe del instrumento negociable. Por lo tanto, el planteamiento de los Apelantes de utilizar el mecanismo de la Regla 49.2 carece de méritos.

Respecto a la imposición de honorarios de abogado, nuestro ordenamiento jurídico establece que se impondrán cuando la parte o su representante legal actúen de manera temeraria o provoquen la prolongación indebida del trámite judicial. Es evidente que, en el caso de epígrafe, los Apelantes han insistido en una causa de acción que fue debidamente adjudicada, prolongando el litigio de manera innecesaria. Por lo tanto, este Tribunal confirma la determinación del foro de instancia sobre la imposición de honorarios de abogado a favor de BPPR.

Finalmente, pasemos a evaluar el segundo error sobre el emplazamiento por edicto a HSBC. El emplazamiento es el mecanismo por el cual el demandado adviene en conocimiento de la existencia de una reclamación en su contra. Ahora bien, cuando no se puede efectuar la entrega personal de este, nuestro ordenamiento jurídico provee la alternativa del emplazamiento por edicto. A fin de cumplir con el debido proceso de ley, es de suma importancia que el edicto cumpla con los requisitos que establece la Regla 4.6 de Procedimiento Civil *supra*. Según ha expresado nuestro más alto foro, el método de notificación utilizado debe ofrecer una ***probabilidad razonable*** de informarle al demandado la acción en su contra[62]. En el emplazamiento por edicto, los Apelantes cumplieron con los diez (10) requisitos que señala la Regla 4.6. Respecto a la naturaleza del pleito, HSBC alega que el emplazamiento hace referencia a cierta legislación que no tiene relación con la controversia de epígrafe. A pesar de que dicho planteamiento es correcto, es menester señalar que, los Apelantes también hicieron referencia al "*dual tracking*", a la Ley Núm. 169-2016, Ley Núm. 184-2012 y Ley Núm. 139-2018, las cuales guardan relación con la controversia y le proporcionan a la parte (HSBC) una probabilidad razonable de conocer la acción que se pretende instar en su contra. Sobre este particular, nuestro más alto foro ha expresado que, en aquellos casos donde exista más de una (1) causa de acción, el tribunal tendrá jurisdicción únicamente sobre aquellas mencionadas en el edicto[63].

Por su parte, la regla 4.6 de Procedimiento Civil requiere que la parte demandante envíe copia del

---

[62] *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901 (1998).
[63] *Márquez v. Barreto*, 143 DPR 137 (1997).

emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo a la parte demandada dentro de los diez (10) días siguientes a la publicación del edicto. Sin embargo, en el caso de autos el foro recurrido, mediante Orden, eximió a los Apelantes del cumplimiento con dicho requisito[64].

Por lo tanto, en el presente caso no existe razón por la cual debamos concluir que el foro de instancia no adquirió jurisdicción sobre HSBC debido a un defecto en el emplazamiento.

-IV-

Por los fundamentos que anteceden, se **confirma** la Sentencia apelada en lo que respecta a las reclamaciones dirigidas al Banco Popular. Sin embargo, se **revoca** la determinación sobre la falta de descripción adecuada en el emplazamiento por edicto. A tales efectos, se **devuelve** el caso al foro de instancia para la continuación de los procedimientos en lo que respecta a HSBC.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[64] Véase Entrada #29, Anejo #1 del expediente de Primera Instancia en SUMAC.